[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 7, 1997
BACKGROUND
On October 24, 1996, the plaintiff, Bruce Allard, filed a one-count revised complaint[1] against the defendant, Liberty Oil Equipment Company, Inc. (Liberty). The complaint alleges the following facts. On February 27, 1995, the plaintiff, in the course of his employment, brought a truck to the defendant's place of business for service. The plaintiff parked his truck in the defendant's service bay and while descending the truck's ladder, slipped and fell. The plaintiff landed on top of a wooden handtruck and sustained severe personal injuries. The plaintiff alleges that these injuries were caused by the defendant Liberty's negligence.
On November 25, 1996, Liberty filed a one-count apportionment complaint against Boston Steel Manufacturing Company (Boston Steel) seeking apportionment of liability pursuant to General Statutes § 52-572h and Public Act No. 95-111. Liberty alleges that Boston Steel designed, installed, manufactured, distributed or sold the tank and ladder from which the plaintiff fell. Liberty alleges further that any injuries sustained by the plaintiff were proximately caused by the defective and unreasonably dangerous condition of the oil tank and the ladder.
On January 6, 1997, the apportionment defendant, Boston Steel, filed a motion to strike the apportionment complaint on the ground that Public Act No. 95-111 does not authorize an apportionment complaint based upon a products liability theory. Liberty objected to Boston Steel's motion to strike and filed a memorandum in opposition on January 15, 1997, and a supplemental memorandum in opposition on February 4, 1997.
On January 2, 1997, Bruce Allard filed a request for leave to amend the revised complaint. The amendment seeks to add another count against Liberty under a products liability theory and a CT Page 2593 count against Boston Steel for products liability in accordance with General Statutes § 52-572h as amended by Public Acts 1995 No. 95-111.
On January 6, 1997, Boston Steel, the apportionment defendant, filed an objection to the Bruce Allard's request for leave to amend on the ground that Public Act No. 95-111 does not permit the plaintiff to allege a products liability claim against the apportionment defendant. In response to the objection, the plaintiff filed a memorandum in support of its request on January 17, 1997. On January 21, 1997, Boston Steel filed a reply to the plaintiff's memorandum. Argument was held on January 21, 1997.
LEGAL DISCUSSION
 I. Boston Steel's January 6, 1997 Motion to Strike the Apportionment Complaint.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 75 (1992). "[I]f a pleading on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted, a motion to strike is required." (Internal quotation marks omitted.) Amore v. Frankel,228 Conn. 358, 372, 636 A.2d 565 (1994).
The apportionment defendant, Boston Steel, argues that the apportionment complaint should be stricken because Public Act No. 95-111 is not the proper procedural vehicle for seeking apportionment based upon a products liability theory. Boston Steel contends that complaints brought pursuant to 95-111 are limited to claims for apportionment based upon negligence. Liberty argues that the apportionment claim is based upon the negligent behavior of Boston Steel and that the claim is not based upon the products liability statute, 52-572m et seq.
As noted, Public Act No. 95-111 has been codified in the General Statutes as § 52-102b. This section provides, in pertinent part, that "[a] defendant in any civil action to whichCT Page 2594section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability . . ." General Statutes §52-102b(a). (Emphasis added.)
General Statutes § 52-572h provides for allocation of fault among joint tortfeasors in a negligence action.[2]
Therefore, according to the plain language of the relevant provisions, an apportionment complaint brought pursuant to §52-102b which seeks an apportionment of liability is restricted to defendants who may be liable to the plaintiff for negligence.
Additionally, § 52-572h does not apply to products liability claims. Roma v. Daisy Manufacturing Company, Inc.,775 F. Sup. 41, 42 (D.Conn. 1991); Percle v. Coastal Steel Corp.,
Superior Court, judicial district of New London at New London, Docket No. 510343, 3 CONN. L. RPTR. 193 (January 30, 1991) (Hurley, J.) (17 Conn. L. Trib. 37).
Liberty argues, however, that the apportionment complaint is based upon the negligence of Boston Steel. "The essential elements of a cause of action in negligence are well established: duty; breach of duty: causation; and actual injury." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381 384,650 A.2d 153 (1994).
Liberty alleges that the plaintiff's injuries were proximately caused by the defective and unreasonably dangerous condition of the truck's oil tank and ladder, which were designed, installed, manufactured, distributed, or sold by Boston Steel.[3] Liberty fails to allege that Boston Steel owed the plaintiff a duty, that it breached this duty and that it was this breach of duty that caused the plaintiff's injuries. I conclude that irrespective of how Liberty chooses to characterize the language employed in its apportionment complaint, what is alleged is the functional equivalent of a products liability claim. Accordingly, Boston Steel's motion to strike the apportionment complaint is granted.
 II. Boston Steel's Objection to Request for Leave to Amend the Complaint
As noted, on January 2, 1997, the plaintiff filed a request CT Page 2595 for leave to amend the one-count complaint to add two new counts. The proposed second count is a products liability claim against Liberty. Liberty has not objected to this request. The plaintiff also seeks to add a third count against Boston Steel for products liability, relying upon § 52-102b. Boston Steel has objected to this request on the ground that § 52-102b does not allow the plaintiff to amend the original complaint to bring a products liability action against an apportionment defendant. Because the plaintiff's request for leave to amend should be denied for procedural reasons, it is not necessary to address the merits of Boston Steel's argument.
Section 52-102b(d) provides that "[n]otwithstanding any applicable statute of limitation or repose, the plaintiff may, within 60 days of the return date of the apportionment complaint served pursuant to subsection (a) of this section, assert any claim against the apportionment defendant arising out of the transaction or occurrence that is the subject matter of the original complaint."
The court has now granted Boston Steel's motion to strike the apportionment complaint. Accordingly, there presently is no apportionment complaint or apportionment defendant in the pending action. Therefore, § 52-102b(d) does not apply.
Boston Steel's objection to the plaintiff's request to amend is therefore granted with respect to the proposed third count against Boston Steel.[4]
SUMMARY AND CONCLUSION
For the reasons stated above, Boston Steel's January 6, 1997 Motion to strike Apportionment Complaint and January 6, 1997, Objection to Request for Leave to Amend are granted.
However, both rulings are without prejudice to the parties seeking to cite in Boston Steel pursuant to appropriate motion.
LAVINE, J.