[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPORTIONMENT DEFENDANT'S MOTION FORSUMMARY JUDGMENT
This action arises out of a slip and fall incident which allegedly occurred in the parking lot of a restaurant located at 273 Greenwood Avenue in Bethel. The plaintiff, John Dowd, alleges CT Page 870 that, on March 9, 1994, he slipped and fell on some snow or ice while walking to his vehicle in the aforementioned parking lot. As a result of the slip and fall, the plaintiff allegedly suffered various injuries. On July 17, 1996, the plaintiff filed an amended revised complaint against Donna Jack and Carol Samuelson, the owners and lessors of the Bethel property, John Coppola, the lessee of the Bethel property, and Tom Keane, an independent contractor hired by Jack and Samuelson to provide snow plowing and clearing services in the parking area. On July 18, 1996, Coppola filed an apportionment complaint against Keane. Keane now moves for summary judgment as to Coppola's apportionment complaint and the third count of the plaintiff's amended revised complaint.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United TechnologiesCorp., 233 Conn. 732, 751, 660 A.2d 810 (1995).
Keane's motion for summary judgment is based upon the argument that he did not owe a duty to the plaintiff. In Mintonv. Krish, 34 Conn. App. 361, 367-68, 642 A.2d 18 (1994), however, the court held that an independent contractor is liable to anyone who may be foreseeably injured by the contractor's negligence. In the present case, the plaintiff alleges that Keane "was negligent in that he failed to plow and/or clear the parking area of snow and/or ice in such a manner as to render the parking area reasonably safe." (Plaintiff's Amended Revised Complaint, Count Three, ¶ 14.) The slip and fall incident, therefore, was a foreseeable consequence of Keane's alleged negligence. Thus, if these allegations are true, Keane could reasonably be held liable for the plaintiff's injuries. Moreover, "an apportionment complaint brought pursuant to 52-102b which seeks an apportionment of liability is restricted to defendants who may be liable to the plaintiff for negligence." Allard v. Liberty OilEquipment Co., Inc., Superior Court, judicial district of CT Page 871 Hartford, Docket No. 562255 (March 7, 1997, Lavine, J.) (19 Conn. L. Rptr. 221). Because Keane may be liable to the plaintiff for negligence, an apportionment complaint may be brought against him pursuant to General Statutes § 52-102b. Therefore, Keane's motion for summary judgment is denied.
Leheny, J.