No. 9309.

## GROWCOCK *v.* HALL.

NEGLIGENCE.—*Animal.*—*Stallion.*—*Evidence.*—Where one assuming to own
a stallion contracts for his service, and by negligent management the
mare is injured, he is liable, and proof that he was really the owner of
the stallion is not essential.

INSTRUCTION.—*Evidence.*—*Practice.*—An instruction to the jury which re-
cites a part only of the evidence, excluding some which is material, and
declaring that the evidence recited will not justify a recovery, should not
be given.

VERDICT.—*Interrogatories.*—To determine whether the answers of a jury to
interrogatories are inconsistent with the general verdict, all the answers
must be considered.

MASTER AND SERVANT.—*Negligence.*—*Contract.*—*Evidence.*—*Representations.*
—An express contract is not essential to create the relation of master and
servant; it may be implied from circumstances; so that the master will
be liable for the negligence of the servant, though in fact the relation did
not exist, as where he induces the belief, and thereby leads another to
act upon it to his injury.

From the Noble Circuit Court.

*H. G. Zimmerman,* for appellant.

*A. A. Chapin* and *R. P. Barr,* for appellee.

ELLIOTT, J.—The complaint charges that the appellant un-
dertook to cause a stallion owned by him to serve a mare of
the appellee, and by his negligent and careless management
caused the mare to receive an injury from which she died.

The instructions given by the court are complained of.
The second instruction informs the jury that it was not essen-
tial to a recovery that the appellee should prove that appel-
lant was actually the sole or absolute owner of the stallion.
In view of the evidence, the instruction was correct. The
appellant made the agreement with the appellee as owner,
was so treated throughout the transaction, and is not now in
a situation to defeat a recovery by showing that in fact others
were interested with him in the ownership of the horse. Where
a person represents himself as an owner, as such contracts and

is contracted with, the person with whom he contracts may sue and recover against him as an owner,

Other instructions assert the same general principle, and what we have said disposes of the objections urged against them.

The sixth instruction asked by appellant was properly refused. It selects certain items of evidence, excludes all others and declares that the items recited would not be sufficient to entitle the appellee to a finding. An instruction which seeks to place before a jury part only of the evidence, and excludes facts or circumstances material to the point in issue, is erroneous.

It is insisted that the answers to interrogatories are inconsistent with the general verdict, and show a right of recovery in the appellant. If one or two of the answers were separated from the others, it would be difficult, if not impossible, to reconcile the answers to interrogatories with the general verdict. They are not, however, to be so taken. All the answers are to be taken together. They constitute, not separate and divisible findings, but one entire finding. Taking all the answers together, there is no serious conflict between them and the general verdict, and there was no error in rendering judgment on the latter.

The principal part of appellant's argument is devoted to a discussion of the proposition that the verdict is not sustained by the evidence. We think the entire argument proceeds on an erroneous view of the law. The relation of master and servant may be implied. It is not necessary, as appellant's argument tacitly assumes, that it should be created by express contract. It was sufficient for the appellee to show that the servant, who actually had charge and control of the horse at the time the mare was injured, was acting by appellant's procurement for him and in his behalf.

Where one represents to another that a designated person is his servant or agent, and induces the person to whom such representations are made to confide therein, and he acts upon the belief that such relationship does in fact exist, an action

may be maintained for the servant's negligence, although the relationship of master and servant did not exist.   If, in this case, the appellant induced appellee to believe that Hull, the person who had the immediate management of the horse, was his servant, managing and controlling the horse of which he, the appellant, was the general or qualified owner, the verdict was right, although appellant may have been the mere agent of an undisclosed principal of whom Hull was also the servant.   The question in such a case as this does not always go back to the real, actual relationship, for if the appellant knowingly induced the appellee to believe in the existence of a certain state of affairs, to contract and pay out money in the faith that such a state did actually exist, and in ignorance of the real facts, he can not, after loss has resulted from the servant's negligence, defeat appellee's recovery, by showing that, in truth, a different state of affairs existed.

Judgment affirmed.