ALEXANDER ZIULKOWSKI *vs.* AMELIA KOLODZIEJ.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 4th—decided November 20th, 1934.

*William M. Greenstein,* for the appellant (defendant).

*Thomas F. McDonough,* for the appellee (plaintiff).

HINMAN, J. The complaint alleged and the trial court found, in substance, that the defendant was in possession and control of certain premises in New Britain, including a common stairway therein which was in a defective and dangerous condition existing through neglect of the defendant to repair it, and that on September 5th, 1933, the plaintiff, while using the stairway, fell by reason of that condition, and was injured. From the resulting judgment for the plaintiff the defendant appealed.

The only assignments of error which require discussion are those which advance a contention that the relation of the defendant to the premises was not such as to render her liable for the defective condition of the stairway. Unquestioned findings reveal that the three-family house, of the first floor of which the plaintiff had been a tenant for about nine years, was owned by Felix Kolodziej, husband of the defendant. Felix died January 14th, 1933, leaving as his heirs at law his wife, who is the defendant, and certain children. From the time of her husband's death the defendant had assumed control and management of the premises, collected rents, made some repairs and discussed others with present and prospective tenants, and was the only person in actual control at the time of the accident. On the same day that the accident occurred the defendant was appointed administratrix of her husband's

estate, but the finding is that it was not established whether her qualification as such occurred before or after the plaintiff's injury. However, even if, contrary to such indications as the record affords, it had been found that her appointment preceded the accident, the liability of the defendant would not be affected.

The appellant concedes that if she had been in control as administratrix she might be held personally liable for negligent failure to repair, but contends that no such responsibility attaches by reason of the situation disclosed by the finding. While the question of liability under such or similar circumstances is virtually new in this State, the answer is readily deducible from recognized general principles and authorities supporting them. "Liability for negligence does not depend upon title; a person is liable for an injury resulting from his negligence in respect of a place or instrumentality which is in his control and possession, even if he is not the owner thereof." 45 C. J. p. 881. "One who assumes to be the owner, and, as such, to control and manage property, . . . cannot escape liability to a tenant for its defective condition, by showing want of title in himself." 3 Shearman & Redfield, Negligence (6th Ed.) p. 1818. The modern English rule is similar—that liability for failure to repair depends upon who has possession and control, rather than upon mere ownership. Findlay, Property Owners' and Occupiers' Liability, p. 305. In *Lindsey* v. *Leighton,* 150 Mass. 285, 22 N. E. 901, the evidence tended to show that although title to premises was in his wife the defendant conducted himself as the owner and assumed the position of landlord including collecting rent and receipting for it in his own name. It was held (p. 287) that one may be a landlord who is not the owner, and cannot escape his obligations by showing that he has no legal title; the reciprocal obliga-

tions of landlord and tenant depend upon the existence of that relation and not upon the validity of the landlord's title. Recovery from the defendant for injuries sustained by reason of a defective platform of a common stairway was affirmed. A party who is in actual possession and control of premises or that part of them where an accident happens is chargeable notwithstanding any flaw in his right of possession and control. *Learoyd* v. *Godfrey*, 138 Mass. 315, 323; *Baker* v. *Tibbetts*, 162 Mass. 468, 39 N. E. 350. In *Beninghoff* v. *Futterer*, 176 Ill. App. 579, 585, it was ruled that the defendant's liability for the consequences of failure to repair was not affected by the fact that he had only a homestead estate in premises which were in his possession and control, the fee being in his wife. See also *Odell* v. *Solomon*, 99 N. Y. 635, 1 N. E. 408; *Kiffer* v. *Bienstock*, 218 N. Y. Sup. 526; *Growcock* v. *Hall*, 82 Ind. 202; *Grier* v. *Sampson*, 27 Pa. St. 183; *The Willem Van Driel*, 242 Fed. 285, 296; *Alaska Treadwell Gold Mining Co.* v. *Mugford*, 270 Fed. 753, 755. "Liability for an injury due to defective premises ordinarily depends upon the power to prevent the injury by making repairs, and therefore rests primarily upon him who has control and possession." *Beaulac* v. *Robie*, 92 Vt. 27, 32, 102 Atl. 88, 90.

The foregoing principles are fully applicable to the facts of the present case. The defendant took possession and assumed and exercised sole control and management of the premises. Upon the death of Felix his real estate vested in his heirs at law. At common law this would make the heirs coparceners; but even if the estate of coparcenary has any place in our law, as far as the right to the possession of the property is concerned that estate does not differ from a tenancy in common. 1 Swift's Digest, 104; *Alsop* v. *Russell*, 38 Conn. 99, 103; *Ward* v. *Ives*, 75 Conn. 598, 601,

54 Atl. 730; *Ward* v. *Ives*, 91 Conn. 12, 17, 98 Atl. 337. The defendant had a right to the possession of the property, presumably for the benefit of herself and her children. *Bryan* v. *Atwater*, 5 Day, 181, 191; *Barrett* v. *French*, 1 Conn. 354, 364; *Stevens* v. *Smoker*, 84 Conn. 569, 574, 80 Atl. 788. But the assumption and exercise of her right of possession involved corresponding duties, including such as pertained to repair of parts of the premises common to all tenants and retained in the control of the landlord, and imposed personal responsibility for negligence in the performance of them. *Thelin* v. *Downs*, 109 Conn. 662, 667, 145 Atl. 50. The trial court was correct in concluding that, upon the facts found, it was the defendant's duty to keep reasonably safe the stair in question, that the plaintiff's injuries were caused by the defendant's failure to do so and that, therefore, she is liable for the resulting damages.

The defendant would not be benefited by the insertion in the finding, as she requests, that the plaintiff, shortly before the accident, swept the stairs in question. That fact would not constitute any such exercise of control as would relieve the defendant of her duty to repair. The further claim, first appearing in the defendant's brief, that the plaintiff, having knowledge of defective conditions upon the stairway, assumed the risk thereof, is not available on this appeal. Assumption of risk was not specially pleaded as our practice requires. *French* v. *Mertz Co.*, 116 Conn. 18, 21, 163 Atl. 457; *Slobodnjak* v. *Coyne*, 116 Conn. 545, 549, 165 Atl. 681. Also no such claim is shown to have been made upon the trial and no assignment of error suffices to raise it.

There is no error.

In this opinion the other judges concurred.