[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT NO. 126
FACTS
On February 8, 1995, the plaintiff, Jean-Louis Joachim, CT Page 303-HH filed a nine count complaint alleging negligence and res ipsa loquitur[1] against the defendants Beechmont Professional Center Association, Inc. (Beechmont), Edward Bocchino and Dr. Paul DeGennaro doing business as Ingleside Associates (Ingleside), Kimball Group, Inc. (Kimball) and Otis Elevator Co. (Otis), and a product liability claim against Otis. The plaintiff alleges the following facts in his complaint.
On May, 12, 1993, the plaintiff entered a building known as the Beechmont Professional Center which was owned by Beechmont,
On May, 12, 1993, the plaintiff entered a building known as the Beechmont Professional Center which was owned by Beechmont, and managed by Ingleside and Kimball. The plaintiff entered one of the two elevators at the building, which were manufactured, installed and, in part, maintained, serviced and repaired by Otis. After the plaintiff entered the elevator, the elevator began to rise, then lost power and fell to about four feet above the basement level. The plaintiff alleges that as a result of the sudden drop he sustained injuries.
On September 9, 1996, Kimball filed a motion for summary judgment on the ground that it was not the property manager on May 12, 1993, and therefore did not have any duty to maintain, control or repair the elevator. Kimball also filed a memorandum CT Page 303-II of law, an affidavit, and documentary evidence in support. On October 15, 1996, the plaintiff filed a memorandum of law in opposition to Kimball's motion for summary judgment. The plaintiff did not file any evidence in opposition.
DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . CT Page 303-JJ are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Home Insurance Co. v. Aetna Life Casualty Co., supra, 235 Conn. 202.
Kimball contends that it was not the manager of the property on the date of the accident, and therefore owed no duty to the plaintiff. The plaintiff argues that Kimball's liability depends upon its duty to repair, maintain and service the elevators prior to the accident, and that such duty ended only twelve days before the accident.
"`A breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff are essential elements of a cause of action in negligence.'" Santopietro v. City of New Haven, 239 Conn. 207,225, ___ A.2d ___ (1996). "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RK Constructors, Inc. v.Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). "[L]iability can be predicated upon negligence in the control and possession of premises, as opposed to mere ownership thereof." Mack v. Clinch, 166 Conn. 295, 296, 348 A.2d 669
(1974). "`Liability for an injury due to defective premises CT Page 303-KK ordinarily depends upon the power to prevent the injury by making repairs, and therefore rests primarily upon him who has control and possession.'" Ziulkowski v. Kolodziej,119 Conn. 230, 233, 175 A. 780 (1934). "The word `control' has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee." (Citation omitted.)Panorini v. Johnson, 158 Conn. 92, 98, 256 A.2d 246 (1969).
Kimball has submitted an affidavit of June M. Kimball, president of Kimball, in which June Kimball attests that Kimball managed the property until April 30, 1993, whereupon Ingleside became the property manager. Kimball also submitted correspondence from Ingleside to unit owners of the property, in which the managing partners state that effective, May 1, 1993, Ingleside would be managing the property. Also provided is a letter from Ingleside to Beechmont, dated May 2, 1993, in which Ingleside states that they reviewed the property conditions and addressed potential problems, none of which concerned the elevators.
The plaintiff maintains that Kimball's duty to repair, maintain and service the elevators arising out of its control of the property presents a question of fact as to whether a breach of that duty caused the plaintiff to suffer injuries. However, CT Page 303-LL the plaintiff's injuries occurred twelve days after Kimball relinquished control of the property. As Kimball's duty arises out of its control, that its duty ended once its control ceased. As of the April 30, 1993, the last day of Kimball's control over the property, the plaintiff had not been injured. As stated above, "[t]he essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RK Constructors, Inc. v. FuscoCorp., supra, 231 Conn. 384. Therefore since the plaintiff's injury occurred after Kimball's control terminated there cannot be a causal connection between that duty and the plaintiff's injuries, because Kimball no longer owed any duty to the plaintiff. Furthermore, even if Kimball had wanted to service or repair the elevators at any time between May 1, 1993, and the date of the plaintiff's accident, it would not have been able to because of its lack of control of the premises. The plaintiff has not submitted any evidence showing that Kimball had any control over the property on the date of his injury. Accordingly, Kimball's motion for summary judgment on counts three and eight and is hereby granted.
BY THE COURT,
MELVILLE, JUDGE