[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed a motion to stay all proceedings on the motion for partial summary judgment arguing that she is unable to respond to Wakefern's motion because the defendants have refused to comply with her requests for discovery. However, she has failed to provide any explanatory affidavits in support of her motion and therefore it must be denied See Sheridan v.Board of Education, 20 Conn. App. 231, 237-38 (1989).
Wakefern's claim for summary judgment is grounded upon the fact that it was not in possession or control of the premises on which the injuries allegedly occurred. "Liability for an injury due to defective premises ordinarily depends upon the power to prevent the injury by making repairs, and therefore rests primarily upon him who has control and possession." (Internal quotation marks omitted.) Ziulkowski v. Kolodziej, 119 Conn. 230,233 (1934). See also Farlow v. Andrews Corporation,154 Conn. 220, 225 (1966). In support of its motion, Wakefern has submitted affidavits from Kevin Mannix, the president of the defendant, Shop-Rite Supermarkets, Inc. (Shop-Rite), and James Watson, the general counsel of Wakefern. Mannix attests that Shop-Rite "had exclusive possession and control over the premises where the Plaintiff fell." Watson's affidavit states that Wakefern was not in possession or control of the premises in question. The plaintiff has not presented any evidence to contradict these attestations and Wakefern's motion is, accordingly, granted.
Moraghan, J.