[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONMOTION FOR SUMMARY JUDGMENT NO. 103
The plaintiff, Gary Cavallaro, commenced this two-count action against the defendants, McDonald's Corporation (McDonald's) and Principal Mutual Life Insurance Company (Principal Mutual), to recover damages for personal injuries allegedly sustained on October 5, 1995, when the plaintiff slipped and fell in a McDonald's restaurant. Count one sounds in negligence and is directed against McDonald's Corporation. Count two, which also sounds in negligence, is directed against Principal Mutual. McDonald's now moves for summary judgment.
The plaintiff makes the following allegations in count one of the amended complaint. The plaintiff slipped, fell and suffered injuries at the McDonald's restaurant located at 1900 Fairfield Avenue, Bridgepert, Connecticut, because McDonald's negligently allowed a "wet, slippery, dangerous, unsafe, and defective condition" to exist on the floor of the restaurant. Specifically, a spilled liquid and a serving tray lying on the floor caused the plaintiff to fall and suffer injuries. At all relevant times, a franchise agreement existed between McDonald's and Deborah Sonnenschein and Sonnenschein Management Company. Deborah Sonnenschein and Sonnenschein Management Company are the agents of McDonald's.[1] The premises known as 1900 Fairfield Avenue is owned by Principal Mutual
In support of its motion, McDonald's filed a supporting memorandum and affidavit of Peter L. Schaefer, a McDonlad's corporate attorney. The plaintiff filed an objection to the motion for summary judgment together with a memorandum and three exhibits. Thereafter, McDonald's filed a reply memorandum along with two exhibits. This court heard oral argument on January 20, 1998.[2]
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere CT Page 4642 assertions or fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute for summary judgment." (Citations omitted; internal quotations marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995); see Practice Book § 384.
McDonald's argues that it is entitled to summary judgment because it did not own, possess or control the McDonald's restaurant at the time of the plaintiff's fall, and therefore, it cannot be held liable upon a theory of negligence. McDonald's argues that the premises was owned by Principal Mutual. McDonald's further contends that the restaurant was possessed and controlled by Deborah Sonnenschein pursuant to a lease executed by McDonald's and Sonnenschein.[3] The plaintiff responds that the existence of an agency relationship between McDonald's and Deborah Sonnenschein and Sonnenschein Management Group precludes summary judgment.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 384, 650 A.2d 153 (1994). "A breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff are essential elements of a cause of action in negligence." (Internal quotation marks omitted.) Santopietro v. City of New Haven,239 Conn. 207, 225, 682 A.2d 106 (1996).
"[L]iability can be predicated upon negligence in the control and possession of premises, as opposed to mere ownership thereof." Mack v. Clinch, 166 Conn. 295, 296, 348 A.2d 669
(1974). "Liability for an injury due to defective premises does not depend on title, but on possession and control." Farlow v.Andrews Corporation, 154 Conn. 220, 225, 224 A.2d 546 (1966). "Liability for an injury due to defective premises ordinarily depends upon the power to prevent the injury by making repairs, and therefore rests primarily upon him who has control and possession." (Internal quotation marks omitted.) Ziulkowski v.Kolodziei, 119 Conn. 230, 233, 175 A. 780 (1934). "The word control' has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee." (Citation omitted.) Panorini v. Johnson, 158 Conn. 92, 98,256 A.2d 246 (1969). CT Page 4643
"[T]he common law imposes on landlords only a duty to maintain in reasonably safe condition those areas of their premises over which they exercise control . . . ." Gore v.People's Savings Bank, 235 Conn. 360, 375, 665 A.2d 1341 (1995). "Thus, as a matter of common law, although landlords owe a duty of reasonable care as to those parts of the property over which they have retained control, landlords generally [do] not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the tenant." (Internal quotation marks omitted.) Id., 374; see also Thomasv. Roper, 162 Conn. 343, 348, 294 A.2d 321 (1972). "Unless it is definitively expressed in the lease, the circumstances of the particular case determine whether the lessor has reserved control of the premises or whether they were under the exclusive dominion of the tenant, and it becomes a question of the fact . . . ."Panorini v. Johnson, supra, 158 Conn. 98; see also Oliver v.Health Rehab Prop. , Superior Court, judicial district of New Haven, Docket No. 351198 (June 26, 1997, Zoarski, JTR.); Ortizv. Aries Group, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 147384 (June 23, 1997, D'Andrea, J.). "A lease is a contract . . . and its construction presents a question of law for the court." (Citations omitted.) Robinson v. Weitz, 171 Conn. 545, 551,370 A.2d 1066 (1976).
Here, Article 2.03 of the lease between McDonald's (landlord) and Deborah Sonnenschien (tenant) provides: "Landlord promises that Tenant . . . will lawfully and quietly hold, occupy and enjoy the premises during the term of this Lease . . . ." Article 4.02 of the lease, entitled Maintenance and Repair, provides: "Tenant will, at its expense, (a) keep the entire Premises, all improvements, utility lines and Tenant's or Landlord's fixtures and equipment at all times in good repair, order or condition; (b) replace all broken, damaged or missing personal property, fixtures or equipment; and (c) at the end of the term of this Lease, whether by lapse of time or otherwise, surrender the premises in good repair, order and condition, ordinary wear and tear excepted . . . ."
It would appear that the instant lease establishes that Deborah Sonnenschein, not McDonald's, was in control of the premises. Moreover, the affidavit of Peter L. Schaefer, a McDonald's corporate attorney, indicates that McDonald's was not in control of the particular McDonald's restaurant where the plaintiff allegedly slipped, fell and was injured.[4] Accordingly, CT Page 4644 McDonald's had no duty, as a matter of law, to maintain the premises and is entitled to summary judgment unless the plaintiff can establish that a genuine issue of material fact exists. See Oliver v. Health Rehab Prop. , supra, Superior Court, Docket No. 351198.
In his memorandum in opposition to the motion for summary judgment, the plaintiff does not argue that McDonald's had control or the subject McDonald's restaurant, indeed, the plaintiff explicitly notes that McDonald's gave possession and control of the subject premises to Deborah Sonnenschein and Sonnenschein Management Company. Rather, the plaintiff seeks to avoid entry of summary judgment by succinctly arguing that Deborah Sonnenschein and Sonnenschein Management are the agents of McDonald's, and therefore, genuine issues of material fact exist which preclude summary judgment.
"[N]ormally agency is a question of fact . . . . " Hallasv. Boehmke and Dobosz, Inc., 239 Conn. 658, 674, 686 A.2d 491
(1997). "Agency is defined as the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act . . . . A principal is generally liable for the authorized acts of his agent . . . ." (Citations omitted; internal quotation marks omitted.) Gatewayv. DiNoia, 232 Conn. 223, 239, 654 A.2d 342 (1995). "[T]he three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking." Hallas v.Boehmke and Dobosz, Inc., supra, 239 Conn. 673. "The law is clear that the burden of proving agency is on the party asserting its existence." Robert T. Reynolds Associates, Inc.v. Asbeck, 23 Conn. App. 247, 251, 580 A.2d 533 (1990).
Here, the plaintiff has produced no evidence indicating that an agency relationship existed between McDonald's and Deborah Sonnenscnein and Sonnenschein Management Company. Rather, the plaintiff's claim that an agency relationship existed and therefore precludes summary judgment is predicated upon the allegations of the amended complaint.
Furthermore, McDonald's has submitted evidence indicating that no such agency relationship existed. Article 8.01 of the CT Page 4645 lease between McDonald's and Deborah Sonnenschein explicitly states: "Tenant will have no authority, express or implied, to act as an agent of the Landlord or any of its affiliates for any purpose. Tenant is, and will remain, an independent contractor responsible for all obligations and liabilities of, and for all loss or damage to, the property connected with them and for all claims or demands based on damage or destruction of property or based on injury, illness or death of any person or persons, directly or indirectly, resulting from the operation of the McDonald's Restaurant located on the Premises."
"The existence of the genuine issue of material fact must be demonstrated by counter-affidavits and concrete evidence."2830 Whitney Avenue Corp. v. Heritage Canal DevelopmentAssociates, Inc., 33 Conn. App. 563, 567, 636 A.2d 1377 (1994). "If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof." (Internal quotation marks omitted) Id., 569. When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 Conn. 756, 795, 653 A.2d 122 (1995). "It is not enough that one opposing a motion for summary judgment claims that there is a genuine issue of material fact; some evidence showing the existence of such an issue must be presented in the counter affidavit." United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 377, 260 A.2d 596
(1969). "It is not enough . . . merely to assert the existence of such a disputed issue . . . [instead] the genuine issue aspect requires the [oppossing] party to bring forward before trial evidentiary facts, or substantial evidence outside of thepleadings, from which the material facts alleged in the pleadings can warrantably be inferred." (Citations omitted; emphasis in original; internal quotation marks omitted.) Na-Mor,Inc. v. Roballey, 24 Conn. App. 215, 217, 587 A.2d 427 (1991).
The court concludes that there exists no genuine issue of material fact with respect to control of the subject premises. Accordingly, the Motion for Summary Judgment of McDonald's Corporation is granted.
DAVID W. SKOLZICK, JUDGE CT Page 4646