[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Denise Zercie, was injured when she fell on the driveway of her rental unit at Vantage Point Condominium Association, Inc. (VPCA). In her five count complaint, she alleges that her fall was caused by an "ice and/or snow condition" on the driveway; that VPCA and the defendant, Raymond Fieffer d/b/a E-Z Way Lawn Service (the defendant), entered into an agreement whereby the defendant would provide snow plowing and sanding services for the Vantage Point complex; and that the defendant was negligent in various respects, including failing to remove ice and snow from the grounds. The plaintiff also alleges that the driveway on which she fell was under the control, management and/or maintenance of VPCA and the defendant. The first three counts, brought against VPCA, sound in negligence., nuisance and breach of the Common Interest Ownership Act; General Statutes § 47-200 et seq.; as well as breach of VPCA's CT Page 4148 condominium declaration agreement, respectively. The fourth and fifth counts, which are against the defendant, sound in negligence and nuisance, respectively.
The defendant has moved for summary judgment as to the fourth and fifth counts for the reason that there is no genuine issue of material fact that he was not in control of the premises on which the plaintiff fell and, therefore, had no duty to the plaintiff. The court agrees that there is no genuine issue of material fact that the defendant was not in control of the premises. As a matter of law, however, the court concludes that he is not entitled to summary judgment.
 I
Where there is no duty, there can be no negligence. Maffucci v.Royal Park Ltd. Partnership, 243 Conn. 552, 567, 707 A.2d 15
(1998). In Farlow v. Andrews Corp. , 154 Conn. 220, 225,224 A.2d 546 (1966), the Supreme Court stated that "[l]iability for an injury due to defective premises does not depend on title, but on possession and control [;] Corvo v. Waterbury, 141 Conn. 719, 725,109 A.2d 869 [(1954)]; Ziulkowski v. Kolodziej, 119 Conn. 230,232, 175 A. 780 [(1934)]." Based on this language and these cases, the defendant argues that liability for injuries occurring on land, or in buildings, can be based only on possession and control. A close reading of Farlow and the cases cited in Farlow, however, does not bear this out. Moreover, such a rule is inconsistent with the decision of the Appellate Court in Mintonv. Krish, 34 Conn. App. 361, 642 A.2d 18 (1994).
In Farlow v. Andrews Corp. , supra, 154 Conn. 228, the Supreme Court affirmed the trial court's setting aside a jury verdict based on an erroneous jury instruction which encouraged the jury to find control of a defective premises solely on the basis of ownership. The plaintiff was injured when she fell on an unsanded icy patch in front of the entrance to her building. On the question of the defendant owner's negligence liability, the court charged the jury that the plaintiff had proved that the defendant was the owner of the property, and that ownership implied the right of possession and control. Id., 224. "In succeeding passages of the charge, the [trial] court repeatedly referred to ownership in conjunction with control." Id. The jury returned a verdict for the plaintiff which the trial court set aside. The Supreme Court affirmed the setting aside of the verdict and stated that "[a]n examination of the charge leads inescapably to CT Page 4149 the conclusion that . . . the jury in reaching its verdict . . . [erroneously] assumed that control of the building and sidewalk . . . was [necessarily] in the defendant [owner]." Id., 225. It was in affirming that the defendant could not be liable in negligence on the basis of ownership alone, that the Supreme Court held that "[l]iability for an injury due to defective premises does not depend on title, but on possession and control. . . ." (Citations omitted; internal quotation marks omitted.) Id.; accord, Fernandez v. Estate of Fred Ayers,56 Conn. App. 332, 335, ___ A.2d ___ (2000).
Similarly, in Corvo v. Waterbury, supra, 141 Conn. 724, the appellants argued that they had no duty to maintain a passway bordering their property because they did not own the passway. In finding that the appellants were liable for injury resulting from the defective premises, the Supreme Court stated that "[o]ne who asserts and maintains control of property may be liable for defective conditions existing thereon though he have in fact no title to it." (Citations omitted; internal quotation marks omitted.) Id., 725; see also Ziulkowski v. Kolodziej, supra,119 Conn. 232 ("Liability for negligence does not depend upon title [alone]; a person is liable for an injury resulting from his negligence in respect of a place or instrumentality which is in his control and possession, even if he is not the owner thereof. . . .") (Citation omitted; internal quotation marks omitted.).
This line of cases thus stands for the proposition that ownership alone is. neither necessary nor sufficient for the imposition of liability for defects in premises. "'Liability for an injury due to defective premises ordinarily depends upon the power to prevent the injury by making repairs, and therefore rests primarily upon him who has control and possession.'Beaulac v. Robie, 92 Vt. 27, 32, 102 A. 88, 90 [(1917)]." (Emphasis added.) Ziulkowski v. Kolodziej, supra, 119 Conn. 233. Possession and control, however, are not the sole basis for liability due to an injury caused by a defect in premises.
Any suggestion that control of premises is necessary for the imposition of liability on the defendant is dispelled by Mintonv. Krish, supra, 34 Conn. App. 361. In Minton, the Appellate Court held that the "completed and accepted rule" had been abrogated in Connecticut. That rule provided that "`where the work of an independent contractor is completed, turned over to, and accepted by the owner, the contractor is not liable to third CT Page 4150 persons for damages or injuries subsequently suffered by reason of the condition of the work, even though he was negligent in carrying out the contract.'" Id., 362-63, quoting Bogoratt v.Pratt Whitney Aircraft co., 114 Conn. 126, 142, 157 A. 860
(1932).
The Appellate Court explained that three reasons had supported the completed and accepted rule: that the plaintiff and the contractor were not in privity; id., 363-64; that the contractor was not in control of the premises; id., 364-65; and that the owner was presumed to have carefully inspected the work and knew of its defects. Id., 365. The court held that all three rationales had been undermined by the Supreme Court's decision inCoburn v. Lenox Homes, Inc., 173 Conn. 567, 378 A.2d 599 (1977). See Minton v. Krish, supra, 34 Conn. App. 365. In Coburn, a contractor was held liable to an injured third party even though the contractor's negligent work had been completed and accepted. The Appellate Court in Minton explained that the Coburn "court implicitly rejected the theory of control. . . . The contractor in Coburn had completed his work two years before the plaintiffs bought the house and five years before he was held liable for his negligence. Although the contractor had been denied the opportunity to rectify his wrong, the contractor was held liable for his negligence." Id., 366. The Minton court further observed that eleven years after Coburn, the Supreme court had quoted Professor Prosser, albeit in dicta, that "[i]t is now the almost universal rule that the contractor is liable to all those who may foreseeably be injured by the structure, not only when he fails to disclose dangerous conditions known to him, but also when the work is negligently done. . . ." (Internal quotation marks omitted.) Minton v. Krish, supra, 367, quoting Zapata v. Burns,207 Conn. 496, 517, 542 A.2d 700 (1988), quoting W. Prosser W. Keeton, Torts (5th Ed.) § 104A, p. 723.
The Restatement recognizes that possession and control are not bases for liability due to a defect in premises. Restatement (Second) Torts, § 386 provides: "Any person, except the possessor of land or a member of his household or one acing on his behalf, who creates or maintains upon the land a structure or other artificial condition which he should recognize as involving an unreasonable risk of physical harm to others upon or outside of the land, is subject to liability for physical harm thereby caused to them, irrespective of whether they are lawfully upon the land, by consent of the possessor or otherwise, or are trespassers as between themselves and the possessor." While the CT Page 4151 Restatement deals with a person whose affirmative action "creates and maintains" a dangerous condition, and the instant case deals with a person whose failure to act, in accordance with a contractual commitment, causes such a condition to continue, the point is that possession and control are not necessarily the only bases for liability due to defective premises. The possessor of land may also be liable to an invitee for such a condition. Morinv. Bell Court Condominium Assn., 223 Conn. 323, 327,612 A.2d 1197 (1992); see, e.g., ITT Continental Baking Co. v. Ellison,370 A.2d 1353, 1357 (D.C. 1977) (supermarket and baking company liable for injuries to patron caused by metal trays left in isle by baking company's deliveryman).
Since Minton was decided by the Appellate Court, the Supreme Court has held that there must be a public policy analysis, in addition to a determination of foreseeability, in order to conclude that a legal duty exists. "[T]he test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case." (Internal quotation marks omitted.)Zamstein v. Marvasti, 240 Conn. 549, 558, 692 A.2d 781 (1997).
The defendant has not satisfied his burden with respect to either consideration. Indeed, beyond proving that he did not control the premises on which the plaintiff fell, he has not established any other material facts.[1] "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material [fact] which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." Rivera v. Double A Transportation, Inc.,248 Conn. 21, 24, 727 A.2d 204 (1999) . As to foreseeability, the defendant allegedly had a contract with VPCA to provide snowplowing and sanding services to the Vantage Point Condominium complex. A duty to use care may arise from a contract; Calderwoodv. Bender, 189 Conn. 580, 584, 457 A.2d 313 (1983); and it would be no stretch for a trier to find that if the defendant failed to perform his contract or performed it negligently that harm of the nature suffered by the plaintiff, a resident of the complex, was CT Page 4152 foreseeable. Snowplowing and sanding services are ordinarily contracted for to prevent injury to persons and damage to property. And although, as is often said, a possessor of property has a non-delegable duty to maintain his property in a reasonably safe condition; Newell v. K. D. Jewelry Co., Inc.,119 Conn. 332, 334, 176 A.2d 405 (1935); Tarzia v. Great Atlantic Pacific Tea Co., 52 Conn. App. 136, 148-49, 727 A.2d 219, cert. granted on other grounds, 248 Conn. 920, 734 A.2d 569 (1999); this does not legally or logically imply that a concurrent duty may not be imposed on other persons. See Lawson v. IndustrialDevelopment, Superior Court, Judicial District of Waterbury, No. 139538 (January 22, 1999) (23 Conn. L. Rptr. 616). The common law imposes a great many non-delegable duties yet has long recognizedas a general rule, manifested by cases too legion to list, that [t]he negligence of two or more persons may concur, and each be liable." Stedman v. O'Neil, 82 Conn. 199, 207, 72 A. 923 (1909). Moreover, based on the Spartan record before the court, and the absence of any briefing of the issue, it cannot be said that any public policy considerations militate against imposing liability on the defendant.
The court concludes that the defendant has failed to establish that it owed no duty to the plaintiff. For this reason, the motion for summary judgment as to the fourth count is denied.
 II
The defendant also seeks summary judgment on the fifth count, which sounds in private nuisance, for the reason that there is no genuine issue of material fact that he was in control on the premises on which the plaintiff fell. As observed supra, the defendant has satisfied his burden with respect to the question of control.
The elements of a cause of action for private nuisance are that (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; and (4) the existence of the nuisance was the proximate cause of the plaintiff's injuries and damages.Heritage Village Master Assn. v. Heritage Village Water Co.,30 Conn. App. 693, 708, 622 A.2d 578 (1993). With respect to the second element, a critical factor is whether the defendant exercises control over the property that is the source of the nuisance. State v. Tippetts-Abbett-McCarthy-Stratton,
CT Page 4153204 Conn. 177, 184, 527 A.2d 688 (1987). Indeed, the Appellate Court has held that "[l]iability for damage caused by [a nuisance] turns upon whether the defendant was in control, either through ownership or otherwise." (Internal quotation marks omitted.)Lomangino v. LaChance Farm, Inc., 17 Conn. App. 436, 438-39,553 A.2d 197 (1989).
Since the defendant was not in control of the premises on which the plaintiff was injured, he may not be held liable in nuisance.
The defendant's motion for summary judgment on the fourth count is denied. As to the fifth count, the motion for summary judgment is granted.
BY THE COURT
Bruce L. LevinJudge of the Superior Court