[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This court must decide whether summary judgment is appropriate where the plaintiff is seeking to impose liability on the defendant for the alleged negligent repair and maintenance of an escalator when the injuries sustained did not occur while the defendant was in possession and control of the premises.
The plaintiff, Myrtle Hutchinson, has brought a lawsuit alleging in the third count that the defendant, Montgomery KONE, Inc. (Montgomery), negligently serviced a public escalator at the Stamford train station on April 12, 1997. On the same day, at approximately 7:45 a.m., the plaintiff alleges that while riding the escalator it CT Page 5232 stopped suddenly and reversed direction causing the plaintiff to fall and suffer personal injuries. The plaintiff further alleges that the malfunction of the escalator and the injuries to the plaintiff were the result of Montgomery's improper installation, maintenance and repair of the escalator; its failure to inspect and remedy any problems with the escalator; and its failure to warn users of potential danger.
Montgomery filed this motion for summary judgment based on the single ground that at the time of the occurrence, it did not owe the plaintiff a duty of care because it did not own, possess or control the premises.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Witt v. St. Vincent'sMedical Center, 252 Conn. 363, 368, ___ A.2d ___ (2000). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). The moving party must show the lack of any genuine issue of material fact. See Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381, 713 A.2d 820 (1998). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Maffucci v.Royal Park Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15 (1998).
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442,446, 476 A.2d 582 (1984). "The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment [however] because the question is one of law." Pion v. Southern New EnglandCT Page 5233Telephone Co., 44 Conn. App. 657, 660, 691 A.2d 1107 (1997).
The defendant argues that it did not owe a duty of care to the plaintiff on the date that she sustained her injuries, and asks the court to grant summary judgment. In support of that argument, the defendant attaches the affidavit of its Connecticut branch manager, Sam Hamad. The affidavit states that as of September 30, 1995, the city of Stamford had terminated its maintenance contract with the defendant and that the defendant had not performed any maintenance to the escalator since that time. Based on that affidavit, the defendant argues that at the time of the injury to the plaintiff it did not have possession or control of the premises and thus owed no duty of care to the plaintiff The defendant further argues that it is entitled to summary judgment because the plaintiff has not come forward with any evidence that shows the defendant owed the plaintiff a duty. The plaintiff, however, argues that the defendant does owe a duty of care to the plaintiff and other users of the escalator, arguing that the duty arises from its service on the escalator prior to 1995. The plaintiff suggests that if the defendant negligently performed the maintenance and repair to the escalator prior to 1995, the long term effect of the defendant's alleged negligence presents a genuine issue of material fact and thus summary judgment is not appropriate.
The defendant cites three Connecticut Supreme Court cases in support of its position that it owes no duty to the plaintiff. The first case is Mack v. Clinch, 166 Conn. 295, 348 A.2d 669 (1974). In the Mack case, the plaintiff sued two defendants after the plaintiff fell on an icy driveway between their respective properties. The defendant appealed claiming that the court improperly denied a request to charge the jury regarding control of the driveway. In resolving the issue, the court stated that "liability can be predicated upon negligence in the control and possession of premises, as opposed to mere ownership thereof." Id, 296.
The second case that the defendant cites is Farlow v. AndrewsCorp., 154 Conn. 220, 224 A.2d 546 (1966). The Farlow case also involves an icy fall. The plaintiff in that case fell on an unsanded sidewalk directly outside of the defendant's building. The plaintiff appealed when the trial court set aside the jury verdict and granted a motion for judgment notwithstanding the verdict. The trial court in setting aside the jury verdict determined that it had erroneously instructed the jury on the effect of ownership and control. On appeal the Connecticut Supreme Court stated that "[l]iability for injury due to defective premises does not depend on title, but on possession and control." Id., 225. CT Page 5234
In the third case, Ziulkowski v. Kolodziei, 119 Conn. 230,175 A. 780 (1934), the plaintiff, a nine-year tenant in a three-family home, was injured in a fall caused by a dangerous condition in a common stairway. The issue was whether or not the defendant could be held liable for the plaintiff's injury when the defendant, the heir at law of the owner, was not the owner, but had assumed control of the property including the collection of rents. The court stated: "Liability for an injury due to defective premises ordinarily depends upon the power to prevent the injury by making repairs, and therefore rests primarily upon him who has control and possession." (Internal quotation marks omitted.) Id., 233.
In each of these cases the plaintiff sued the defendant who at the time of the injury was in possession and control of the premises and who therefore had an attendant duty to maintain those premises. These cases are inapposite to the present case. Here, the plaintiff is not alleging that Montgomery had a duty to keep the escalator free from defective conditions at the time of the accident because it was in possession and control; rather the plaintiff argues that at the time the defendant was obligated to perform service on the escalator, it did so in a negligent manner, and its negligence contributed the plaintiff's injury on April 12, 1997.
The plaintiff's theory of negligence is not based on premises liability, but on contractor liability. "Traditionally, an independent contractor was immune from liability in negligence to a third person once the contractor's work was completed and accepted by the owner." Minton v. Krish, 34 Conn. App. 361, 362, 642 A.2d 18
(1994). The law relieving contractors from liability for negligence once the work has been accepted and completed by the owner has been abrogated. See Zapata v. Burns, 207 Conn. 496, 516-17, 542 A.2d 700;Minton v. Krish, supra, 34 Conn. App. 367. Connecticut has in its stead adopted the rule of foreseeability as stated in 2 Restatement (Second), Torts § 385 (1965). See Minton v. Krish, supra,34 Conn. App. 367. Section 385 reads: "One who on behalf of the possessor of land erects a structure or creates any other condition thereon is subject to liability to others upon or outside of the land for physical harm caused to them by the dangerous character of the structure or condition after his work has been accepted by the possessor, under the same rules as those determining the liability of one who as manufacturer or independent contractor makes a chattel for the use of others." Comment (b) to § 385 makes clear that the rule of foreseeability "applies to any person who on behalf of the possessor of land erects thereon a structure or creates any other artificial condition, irrespective of whether in so doing he is acting as the possessor's servant or as an independent contractor, and whether he CT Page 5235 does the work for reward or gratuitously." 2 Restatement (Second), supra, § 385, comment (b).
It is true that the plaintiff in the third count of the complaint alleged that the defendant serviced the public escalator on April 12, 1997, and that she has not provided any evidence in support of the allegation. Further, the defendant produced evidence that it has not serviced the escalator since 1995. The plaintiff does allege, however, that the defendant was negligent (1) in the installation, maintenance, and repair of the escalator so as to give rise to a condition unreasonably dangerous to the plaintiff; (2) in failing to inspect and keep the escalator in reasonable repair; (3) in failing to remedy the conditions and (4) in failing to warn users of the escalator. All of these allegations are without reference to a specific time frame. "In deciding motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) HertzCorp. v. Federal Ins. Co., supra, 245 Conn. 381. Although the plaintiff did not submit any affidavits in support of her position, the defendant submitted the affidavit of Sam Hamad, its Connecticut branch manager. In that affidavit, the defendant admits that prior to September 30, 1995, the city of Stamford had contracted with the defendant to perform the maintenance of the escalator. Viewing the evidence favorably to the plaintiff, the complaint alleges that the defendant negligently performed work that it was obligated to perform and that the plaintiff was injured thereby.
The defendant's motion for summary judgment is denied as the motion erroneously addresses the issue of possession and control of the premises at the time of the injury to the plaintiff. Under the present state of the law, the arguments of the defendant and the evidence presented do not provide an adequate basis for the court to find as a matter of law that the defendant did not owe a duty of care to the plaintiff. The plaintiff has alleged a claim for negligent repair and maintenance of the escalator, and the defendant has not come forward with evidence to contest that theory. Therefore, there being a genuine issue of material fact as to the defendant's alleged negligence and its effect on the plaintiff, the motion for summary judgment is denied.
So Ordered.
D'ANDREA, J.