[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, Edward S. Coleman, brings this action against the Copps Hill Plaza Shopping Associates to recover for personal injuries sustained on February 4, 1995, when he fell in the parking lot of Copps Hill Plaza.
The incident occurred at approximately 10:30 a.m., after the plaintiff had left the Blockbuster Video Store located in the shopping center.
The plaintiff claims that the owner of the shopping center was negligent in its maintenance of the parking lot, due to the presence of snow and ice on the premises.
The original writ, summons and complaint was returnable January 7, 1997. CT Page 5567
On April 30, 1996, the defendant served an apportionment complaint on Nano Marconi, Inc., and another on New England Video of Ridgefield and Blockbuster Video.
Both were filed on May 6, 1997, in accordance with the provisions of § 52-102b(a) of the Connecticut General Statutes.
The apportionment defendant, Nano Marconi, Inc., has not appeared, while New England Video of Ridgefield and Blockbuster Video have appeared through counsel.
The plaintiff, Edward Coleman, failed to assert any claims against any of the apportionment defendants, pursuant to the provisions of § 52-102b(d) of the Connecticut General Statutes, which require a plaintiff to assert any claim against an apportionment defendant within sixty (60) days of the return date of the apportionment complaint.
In addition to its claims for apportionment, Copps Hill Plaza Shopping Center Associates has also filed claims for indemnification against the apportionment defendants.
The defendant, Copps Hill Plaza Associates, now moves for summary judgment on the plaintiff's complaint, claiming that no genuine issue of material fact is present, and that it is entitled to judgment as a matter of law.
The defendant maintains that because the plaintiff admits that snow was falling when he fell, the owner of the property owed him no duty of care.
The defendant argues that he is entitled to summary judgment under the rule announced in Kraus v. Newton, 211 Conn. 191,197-98 (1989):
 [I]n the absence of unusual circumstances, a property owner, in fulfilling the duty owed to invitees upon his property to exercise reasonable diligence in removing dangerous accumulations of snow and ice, may await the end of a storm and a reasonable time thereafter before removing ice and snow from outside walks and steps.
The plaintiff admits, in his deposition, that it was "snowing very heavily" at the time of his fall, a fact he also acknowledged in his responses to the defendant's request for CT Page 5568 admissions dated March 11, 1999.
The plaintiff further concedes that he did not know if any ice and snow were present prior to the snowstorm beginning on February 4, 1995.
No information has been presented concerning the presence of ice or snow on the property prior to the February 4, 1995 precipitation.
The plaintiff, in his April 17, 1999 memorandum of law in opposition to the motion for summary judgment, confirmed that snow was falling when he fell.
He cites two reasons for opposing the motion for summary judgment: (1) the property on which he fell is commercial property, and the Kraus v. Newton rule therefore does not apply, and (2) he alleges that the apportionment defendant, Nano Marconi, Inc., breached its contract with the defendant by failing to plow, sand and salt the parking lot in a workmanlike manner, thus subjecting Copps Hill Plaza Shopping Associates to liability.
 STANDARD OF REVIEW
A trial court may appropriately render summary judgment when documentary and other evidence demonstrate that no genuine issue of material fact remains between the parties, and the moving party is entitled to a judgment as a matter of law. Bartha v.Waterbury House Wrecking Co., 190 Conn. 8, 11 (1983); Daily v.New Britain Machine Co., 200 Conn. 562, 568 (1986).
Connecticut Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
In deciding a motion for summary judgment, the trial court must view all the evidence in the light most favorable to the nonmoving party. Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202 (1995). The burden is upon the moving party to show quite clearly what the law is and that it excludes any real doubt as to the existence of any genuine issue of material fact.Fogarty v. Rashaw, 193 Conn. 442, 445 (1984); Yanow v. TealCT Page 5569Industries, Inc., 178 Conn. 262, 268 (1979).
The test to be applied is whether the party seeking summary judgment would be entitled to a directed verdict. United Oil Co.v. Urban Redevelopment Commission, 158 Conn. 364, 380 (1969).
 OWNER OF COMMERCIAL POWER HAS NO HIGHER DUTY OF CARE
The plaintiff seeks to distinguish this case from Kraus v.Newton, because he fell on property used for commercial purposes, rather than property used as a private residence.
In Kraus v. Newton, the court held that a landlord, or other inviter, is under no duty to keep walks and steps clear of dangerous accumulations of ice and snow, or to spread sand or salt while a storm continues. The court described such a requirement as "inexpedient and impractical." Kraus v. Newton,
supra, 198.
The plaintiff cites no authority for his contention that the ownership of commercial or business property imposes a higher duty of care upon the owner, than that imposed upon the owner of private residential property.
The Appellate Court has specifically held that the status of property as residential or business is not an unusual circumstance, which could negate the application of the Kraus v.Newton rule. Sinert v. Olympia York Development Co.,38 Conn. App. 844, 849-50 (1995).
It is the status of the person entering the property, trespasser, licensee, or invitee, which determines a landowner's duty of care, not the status of the defendant owner. Morin v.Bell Court Condominium Assn., Inc., 223 Conn. 323, 327 (1992);Corcoran v. Jacovino, 161 Conn. 462, 465 (1971); Sinert v.Olympia York Development Co., supra, 849.
The fact that the property on which the fall occurred is commercial, rather than residential, is therefore insufficient to overcome the Kraus v. Newton rule, and cannot serve as a basis for denying the defendant's motion for summary judgment.
Furthermore, whether the activities during the storm induced the plaintiff to enter the property, alters neither the status of the plaintiff, nor the duty of care owed by the defendant. CT Page 5570
 ACTS OF THE APPORTIONMENT DEFENDANT, NANO MARCONI, INC., WILL NOT DEFEAT THE MOTION FOR SUMMARY JUDGMENT
Although the defendant, Copps Hill Plaza Shopping Associates, seeks both apportionment and indemnification from the nonappearing defendant, Nano Marconi, Inc., the plaintiff has initiated no direct action against Nano Marconi, Inc. pursuant to § 52-102b(d) of the Connecticut General Statutes.
He must therefore prevail, based upon any allegations of negligence directed against the defendant, Copps Hill Plaza Shopping Associates.
Although the plaintiff speculates in his memorandum of law that "Copps Hill Plaza must suspect that the contractor breached its contract by failing to perform such service in a workmanlike manner . . .," he offers no evidence to validate his speculation.
As the plaintiff suggests, Connecticut follows a rule of foreseeability, concerning the liability of independent contractors to third persons. Coburn v. Lenox Homes, Inc.,173 Conn. 567, 575 (1977); R. A. Civitello Co. v. New Haven,6 Conn. App. 212, 224 (1986); Minton v. Krish, 34 Conn. App. 361, 367-68
(1994).
In Minton v. Krish, supra, 367-68, the court held that an independent contractor is liable to one who may be foreseeably injured by the contractor's negligence. This duty arises independent of the ownership or continuing control of the property on which the injury is sustained. Zapata v. Burns,207 Conn. 496, 517 (1988).
However, because the plaintiff declined to pursue a direct action against the nonappearing defendant, Nano Marconi, Inc., those issues are not presented here.
Because it is undisputed that snow was falling at the time of the incident, and the defendant has pointed to no "unusual circumstances" existing at the time, the defendant's duty of care is established by Kraus v. Newton.
The motion for summary judgment of the defendant, Copps Hill Plaza Shopping Associates, is granted. CT Page 5571
Radcliffe, J.