SHERRY MINTON *v.* JON KRISH
(12408)

DUPONT, C. J., LAVERY and SCHALLER, Js.

Argued February 14—decision released May 17, 1994

*Richard E. MacLean,* with whom, on the brief, was *Thomas Parrino,* for the appellant (plaintiff).

*Robyn L. Sondak,* for the appellant (intervening plaintiff Capital Cities, Inc.).

*Patrice S. Noah,* for the appellee (defendant).

LAVERY, J. This appeal arises from injuries suffered by the plaintiff, an employee of Capital Cities, Inc., known as ESPN. In 1988, ESPN hired the defendant, Jon Krish, to install a sliding glass door at the entrance to one of its video screening rooms. The defendant completed the installation and was paid for his work by early January, 1989. On May 15, 1989, while in the course of her employment, the plaintiff tripped on the track of the door, fell, and was injured.

The plaintiff brought a negligence action against the defendant.[1] The defendant moved for summary judgment, claiming that he was immune from negligence liability because the injury had occurred after the work had been completed and the owner, ESPN, had accepted control. The plaintiff and ESPN opposed the motion, arguing that this rule was no longer the law in Connecticut. The trial court ruled in favor of the defendant and granted summary judgment. This appeal resulted.

Traditionally, an independent contractor was immune from liability in negligence to a third person once the contractor's work was completed and accepted by the owner. *Bogoratt* v. *Pratt & Whitney Aircraft Co.,* 114 Conn. 126, 141–42, 157 A. 860 (1932). "[W]here the work of an independent contractor is completed, turned

---

[1] ESPN intervened as a plaintiff seeking reimbursement of related workers' compensation expenses.

over to, and accepted by the owner, the contractor is not liable to third persons for damages or injuries subsequently suffered by reason of the condition of the work, even though he was negligent in carrying out the contract." Id., 142. This doctrine has been referred to as the "completed and accepted" rule. See *R. A. Civitello Co.* v. *New Haven,* 6 Conn. App. 212, 224, 504 A.2d 542 (1986).

Our Supreme Court first referred to the rule in *Howard* v. *Redden,* 93 Conn. 604, 612, 107 A. 509 (1919). In *Redden,* the court adopted a rule of proximate cause holding that a contractor was not liable to a passerby injured when struck by a faulty cornice built by the contractor. Id. The court stated that the injury, which occurred after the contractor had completed the work, was due solely to the owner's failure to inspect and guard against the cornice's deterioration. Id., 608. The court analogized to the completed and accepted rule for support. Id., 612–13.

Generally, three reasons support the completed and accepted rule. First, the rule was the offspring of *Winterbottom* v. *Wright,* 152 Eng. Rep. 402 (1842),[2] and the application of the doctrine of privity to cases in negligence. W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 104A; 4 S. Speiser, C. Krause & A. Gans, American Law of Torts (1987) § 15:116; see *Howard* v. *Redden,* supra, 93 Conn. 611–12. Although the contractor remained liable to the owner through privity

---

[2] In this famous case, a negligent contractor was shielded from liability for resulting third party's injuries because the contractor and third party were not in privity of contract. "If we were to hold that the plaintiff could sue in such a case, there is no point at which such actions would stop. The only safe rule is to confine the right to recover to those who enter into the contract . . . . [I]t is, no doubt, a hardship upon the plaintiff to be without a remedy, but by that consideration we ought not to be influenced. Hard cases, it has been frequently observed, are apt to introduce bad law." *Winterbottom* v. *Wright,* supra, 152 Eng. Rep. 405–406.

after completion and acceptance of the work, the contractor's liability did not extend to third persons.

*Redden* quotes with approval an example given in Wharton's treatise on negligence demonstrating the application of privity in negligence: a bridge contractor will not be liable to an injured traveler for its negligence after the city has accepted the bridge. *Howard v. Redden,* supra, 93 Conn. 612, citing F. Wharton, Negligence (2d Ed. 1878) § 438, p. 368. Wharton explains that the contractor owes the traveler no duty because "[t]he traveller reposed no confidence on the contractor, nor did the contractor accept any confidence from the traveller." (Internal quotation marks omitted.) *Howard* v. *Redden,* supra. The city intervened and broke the "causal connection." Id.

It is instructive that this example appears in Wharton's chapter on negligence based in contract. Moreover, Wharton's reference to confidence mirrors his explanation two pages earlier in which he establishes that " '[t]he confidence induced by undertaking any service for another is a sufficient consideration to create a duty in the performance of it.' " F. Wharton, supra, § 437. Thus, without consideration to support contractual duty, there was *no* duty. Wharton's example and his theory were based in privity; our Supreme Court adopted the rule and the reasoning in *Redden.* See *Howard* v. *Redden,* supra, 93 Conn. 612.

The second reason behind the rule was control. The contractor was shielded from liability upon completion because the owner alone was in control of the entity when the injury occurred. Id., 613. "By occupying and resuming possession of the work, the owner deprives the contractor of all opportunity to rectify his wrong." (Internal quotation marks omitted.) Id. This is consistent with the fundamental proposition that one in actual possession and control is chargeable with injuries while

in possession and control. *Trainor* v. *Frank Mercede & Sons, Inc.,* 152 Conn. 364, 368–69, 207 A.2d 54 (1964).

The third reason behind the rule was a presumption that the owner had carefully inspected the work and knew of its defects. "[I]f [the owner] takes it in the defective condition, he accepts the defects and the negligence that caused them as his own, and thereafter stands forth as their author." (Internal quotation marks omitted.) *Howard* v. *Redden,* supra, 93 Conn. 613.

Our Supreme Court's holding in *Coburn* v. *Lenox Homes, Inc.,* 173 Conn. 567, 378 A.2d 599 (1977), is inconsistent with the completed and accepted rule. In *Coburn,* a contractor was held liable to an injured third party even though the contractor's negligent work had been completed and accepted. Id., 574. Although the *Coburn* court did not directly address the completed and accepted rule,[3] its holding is incompatible with the continued viability of the rule.[4] Although Chief Justice House observed in his dissent that the facts of the case warranted application of the rule, the majority neither followed nor distinguished the rule. The holding, how-

---

[3] The *Coburn* decision uses the holding of *Scribner* v. *O'Brien, Inc.,* 169 Conn. 389, 363 A.2d 160 (1975), as a starting point. *Coburn* v. *Lenox Homes, Inc.,* supra, 173 Conn. 574. In *Scribner,* a contractor was held liable to the owner for his negligent work because the parties were in privity. *Scribner* v. *O'Brien, Inc.,* supra, 400. *Coburn* built on *MacPherson* v. *Buick Motor Co.,* 217 N.Y. 382, 111 N.E. 1050 (1916), to conclude that privity is irrelevant in tort actions and extends contractor liability to those not in privity. *Coburn* v. *Lenox Homes, Inc.,* supra, 574.

[4] The defendant argues that *Coburn* does not affect the "completed and accepted" rule because *Coburn* refers to "builder-vendor" liability while the rule applies to "independent contractors." This distinction is meaningless. The term independent contractor is used to differentiate from an employee. See *Spring* v. *Constantino,* 168 Conn. 563, 573, 362 A.2d 871 (1975). Whether called a building vendor or independent contractor, the important characteristic remains the same: one who contracts to do work according to his own methods without control of the employer except as to the result. Id. It is clear that *Coburn* related to this category.

ever, is clear: a contractor can be held liable for his negligence even after his work has been completed and accepted.[5] Id., 575–76.

The *Coburn* court also rejected the reasoning behind the rule. First, the court noted the revolution in the law of negligence, sparked by *MacPherson* v. *Buick Motor Co.,* 217 N.Y. 382, 111 N.E. 1050 (1916), that rejected privity from negligence doctrine. *Coburn* v. *Lenox Homes, Inc.,* supra, 173 Conn. 574. The court recited the general rule that a seller of a product is liable for negligence that foreseeably injures another. Id., 575. "[T]he requirement of privity should only be applicable to actions growing out of contract theory and should be irrelevant to tort actions." Id., 574.

Second, the court implicitly rejected the theory of control. See id., 575. The contractor in *Coburn* had completed his work two years before the plaintiffs bought the house and five years before he was held liable for his negligence. Although the contractor had been denied the opportunity to rectify his wrong, the contractor was held liable for his negligence.

Third, *Coburn* repudiated the theory of knowledge and acceptance that supported the rule. Analogizing to *MacPherson* again, the court stated that an owner would no longer be charged with knowledge and acceptance of a contractor's negligence. Id., 575. " '[T]he ordinary person buying such a house is in no better position to discover hidden dangers caused by the negligent construction than is the purchaser of a defective bottle of

---

[5] The defendant argues that *Coburn* should be held strictly to its facts. Our Supreme Court has refused to do so, however, as seen in *Zapata* v. *Burns,* 207 Conn. 496, 542 A.2d 700 (1988). In *Zapata,* the court analogized to *Coburn* to explain the logical extension of *MacPherson* to architects and engineers. Id., 516–17. The court's discussion refers generally to contractors and makes no special reference to builder-vendors. Id.

perfume . . . .' '' Id. Rather, "a duty to use care is found in the foreseeability that harm may result if it is not exercised." Id.

Eleven years later, our Supreme Court reviewed *Coburn* and observed that the *MacPherson* rule of privity had been abolished in negligence cases involving contractors. *Zapata* v. *Burns,* 207 Conn. 496, 516–17, 542 A.2d 700 (1988). The court went on to quote Prosser on the current state of the law: '' 'It is now the almost universal rule that the contractor is liable to all those who may foreseeably be injured by the structure, not only when he fails to disclose dangerous conditions known to him, but also when the work is negligently done. This applies not only to contractors doing original work, but also to those who make repairs, or install parts, as well as supervising architects and engineers. There may be liability for negligent design, as well as for negligent construction.' W. Prosser & W. Keeton, Torts (5th Ed.) § 104A, p. 723." Id., 517. Albeit in dicta, *Zapata* makes clear that our Supreme Court had adopted the rule of foreseeability in place of the rule of privity. See id.

This court shared that view in *R. A. Civitello* v. *New Haven,* supra, 6 Conn. App. 224, in which it observed that the "completed and accepted" rule was dead. The court noted *Coburn's* effect on the rule and recited the new rule of foreseeability. Id., 224–25.

In rejecting the "completed and accepted" rule, our courts join the majority of jurisdictions. W. Prosser & W. Keeton, supra, § 104A; annot., 58 A.L.R.2d 891 (1958) (listing jurisdictions that have rejected the rule). We conclude that the "completed and accepted" rule has been repudiated in Connecticut and replaced with the rule of foreseeability as expressed in 2 Restatement (Second), Torts § 385 (1965): "One who on behalf of the possessor of land erects a structure or creates any other

condition thereon is subject to liability to others upon or outside of the land for physical harm caused to them by the dangerous character of the structure or condition after his work has been accepted by the possessor, under the same rules as those determining the liability of one who as manufacturer or independent contractor makes a chattel for the use of others."

In light of this conclusion, the trial court's ruling in favor of the defendant on its motion for summary judgment must be reversed. The defendant's liability is not precluded by the fact that his work had been completed and accepted. Rather, his liability hinges on foreseeability of injury to the plaintiff.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.