[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
I.
 INTRODUCTION AND FACTUAL BACKGROUND
CT Page 545
The plaintiff, Matlack, Inc., has filed a complaint against the defendant White Oak Corporation and others seeking damages for injuries suffered by its employee Philip Malavenda when his eighteen wheel tractor trailer burst through the barriers on the south bound direction of Interstate 91 and crashed down an embankment. On the date of the crash, White Oak had a contract with the State of Connecticut for the road construction of Interstate 91, including the widening of the Dexter Coffin Bridge. The plaintiff alleges that White Oak "retained control over and made alterations and modifications" to the area of Interstate 91 near Exit 42 and that its negligence and carelessness, i.e., inter alia, inadequate lighting, inadequate warning of the danger of construction, and defective design, caused the losses. The plaintiff seeks damages for its property loss of the tractor trailer, payment of the workers' compensation benefits to its employee, and the costs of cleaning up the accident scene and the toxic waste.
On May 26, 1995, White Oak filed a motion for summary judgment arguing that there are no genuine issues of material fact because, as an independent contractor, it cannot be held liable for following the state of Connecticut's design specifications.
 II. DISCUSSION
 A.
The standard for considering a motion for summary judgment is well established. "Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . The test is whether CT Page 546 a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105-06, 639 A.2d 507 (1994). "[A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 752, 660 A.2d 810
(1995). "In evaluating the propriety of a summary judgment, we are confined to an examination of the pleadings and affidavits of the parties to determine whether (1) there is no genuine issue as to any material fact, and (2) the moving party is entitled to judgment as a matter of law." Id., 745.
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact, and therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment] . . . ." (Internal citations omitted.) Barrett v.Danbury Hospital, 232 Conn. 242, 255 (1995).
 B. 1.
In support of its motion, White Oak argues that as, "an independent contractor, it cannot be held liable for following the design specifications [of] the state . . . if [they were] followed accurately and without negligence." (White Oak's Memorandum of Law in Support of Motion for Summary Judgment, pp. 3, 7.). White Oak maintains that it is not liable because "[b]y accepting the project and not altering the design, White Oak successfully completed the project according to D.O.T.'s specifications and therefore had no further duty to anyone in relation to the highway." (Id., p. 7.) White Oak offered the affidavit of Robert J. CT Page 547 Hackling, its project manager, to support its claim that it did not exercise any discretion as to the sign pattern, traffic pattern, plans or specifications for the reconstruction and widening of the Dexter Coffin Bridge.
White Oak has cited The Southern New EnglandContracting Co. v. State, 165 Conn. 644, 345 A.2d 550
(1974) for the proposition that a contractor is not responsible for "loss or damage resulting from defective plans or specifications supplied by the contractee." Id., 656. To further bolster its argument, White Oak relies onNicholson v. United Technologies Corporation, 697 F. Sup. 598
(D.Conn. 1988) in which Judge Dorsey granted a summary judgment motion for a government contractor on this defense.
The plaintiff counters that "[b]ased upon the uncontroverted factual posture of this case and the express law of this State White Oak's motion for summary judgment should be denied as a matter of law. (Plaintiff's Memorandum of Law in Opposition, p. 1.) Citing Minton v.Krish, 34 Conn. App. 361, 642 A.2d 18 (1994), the plaintiff argues that White Oak "may be liable for a design defect, even if construction proceeded according to specifications." (Plaintiff's Memorandum of Law in Opposition, p. 4.) The plaintiff argues that the fact that White Oak may have followed the design specifications accurately is no defense. Moreover, the plaintiff maintains that "[a] contractor may be held liable for negligent performance of its work." (Id., p. 5.). Thus, the plaintiff argues that White Oak may be liable for the plaintiff's injuries for failing to maintain the work area in a safe condition for motorists or for negligently constructing said roadway.
The plaintiff offers the affidavit of Joseph S. Champagne, a civil engineer who, based on his investigation, attests that the vicinity of Exit 42, Interstate 91 southbound, was in a hazardous condition on the date of the crash and was a major contributing factor in the cause of the crash. He further attests that (1) White Oak had a duty to inform the state that lights were out in the area of the crash, (2) White Oak had sufficient notice of the hazardous condition and (3) the condition could have been simply corrected. CT Page 548
2.
In Miller v. United Technologies Corp., supra,233 Conn. 732, a wrongful death action against the manufacturer of a fuel pump utilized in an aircraft engine, the Connecticut Supreme Court analyzed the government contractor defense in light of claims of both negligence and failure to warn. The Court cautioned that "[a]lthough the government contractor defense may function as an affirmative defense to a failure to warn claim, a failure to warn claim is not automatically precluded by the government contractor defense." (Internal citations omitted.) Id., 782. The Court adopted the three prong test which the United States Supreme Court had articulated for design defects liability in Boyle v. UnitedTechnologies Corp., 487 U.S. 500, 512, 108 S.Ct. 2510,101 L.Ed.2d 442 (1988). "First, the government contractor defense applies only if the government dictated with reasonable precision the contents of the initial warnings . . . and limited or precluded the contractor from advising the user of additional information or revisions. Second, the contractor must have acted in conformity with those reasonably precise specifications established or approved by the government . . . . Third, the supplier [must] have warned the United States about the dangers . . . that were known to the supplier but not the United States." (Internal citations and quotations marks omitted.) Millerv. United Technologies Corp., supra, 233 Conn. 783. In order to prevail on its motion for summary judgment, White Oak must prove that it complied with all three components of the Miller test.
As to the first element of the government contractor defense, i.e., the state approval of reasonably precise specifications, Robert J. Hackling stated for White Oak that "[a]ll traffic signals and aligning were specified in the Special Provisions of White Oak's contract with the Department of Transportation of the state of Connecticut." (Affidavit of Robert J. Hackling, p. 1.). He further indicated that "[t]he traffic pattern approved by the [Department of Transportation] included specifications for (i) all painted highway lines and demarcations, (ii) slope, grading and slant, (iii) the number of highway lanes and (iv) the placement of jersey barriers." (Id., p. 2.) "The first part of the test is met where the government reviewed CT Page 549 and approved a detailed set of specifications." Miller v.United Technologies Corp., Superior Court, Docket No. 221788 9 Conn. L. Rptr. 13, 389, 393 (July 16, 1993) (Fuller, J.) rev'd in part on other grounds, 233 Conn. 732
(1995). Moreover, as to any claim of defective lighting, Mr. Champagne noted that "the Department was responsible for maintaining this lighting. (Affidavit of Joseph S. Champagne, p. 4(c).) Mr. Hackling also stated that "[t]he DOT maintained control over all of the highway lighting at the Project . . . ." (Affidavit of Robert J. Hackling, p. 3). The plaintiff has presented no facts indicating that the state gave White Oak discretion regarding the design, materials or methods. Thus, the defendant has satisfied the first part of the Miller test.
The second element of the Miller test is whether the work conformed to those specifications. There is no evidence that White Oak failed to conform with the government's specifications. Accordingly, White Oak has complied with the second prong of the test.
The third component of the government contractor defense is that the state was warned about dangers in the product known by the contractor. "The duty to warn extends only to dangers . . . which are unknown to the government. The third component is met when there is evidence in the record that the government knew about the problem and there is no evidence that the contractor withheld any additional information about the problem." Miller v. UnitedTechnologies Corp., supra, 233 Conn. 780. Mr. Champagne has attested that there were seven accidents in the eight months prior to this crash, and that White Oak had a duty to bring these accidents to the attention of the state and make recommendations to improve the safety for motorists. The plaintiff has not, however, presented any facts that would indicate that White Oak possessed any information which was not conveyed to the state or any information which the state would not have been independently aware. Indeed, logic dictates that it would be the state that would have this information in the first instance and not the contractor. "The duty to warn requires disclosure only when the supplier's knowledge of the danger or defect is superior to that of the government." Id., 780. The third test has thus been met. CT Page 550
In Nicholson v. United Technologies Corp., supra,697 F. Sup. 603, the court noted that "duty to warn claims merely repeat design defects." "When the government provides or approves specifications of a product which calls for some safeguards, but not others, the government contractor is not under a duty to provide every known safety device where it is not called for by the government contract. The choice is that of the government. The contractor is obliged to the government's decision." Id., 603-04. This is the situation in the present case. The plaintiff has not asserted any facts which would support a claim of negligence against White Oak independent of its actions in following the government's design standards.Minton v. Krish, supra, relied upon by the plaintiff, concerns the now repudiated defense of "completed and accepted" and does not control this case. Mr. Champagne does not state that White Oak failed to comply with the state's road design, failed to comply with the state's lighting design and failed to comply with the design for the barriers. The plaintiff does maintain that the lighting was inadequate, the design was inadequate and that the warnings were inadequate. Thus the claims against White Oak are really claims against the government's design.[1] Matlack argues that White Oak should have redesigned the contract. This court does not agree.
 III Conclusion
As indicated earlier, the plaintiff, as the non moving party has the duty to substantiate its adverse claim by showing there is a genuine issue of material fact.Barrett v. Danbury Hospital, supra, 232 Conn. 255. It has not met its burden. Accordingly White Oak's motion for summary judgment is granted.
Berger, J.