[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#199)
The plaintiff, Ann Avery, filed an eighteen count amended complaint against the Boy Scouts of America, John J. Berry, John Krause, Helmuth W. Krause and Lillian Krause on June 2, 1994, alleging actions in negligence and public and private nuisance. The amended complaint alleges that John Krause and his fellow boy CT Page 5256-II scouts entered into an agreement to clean up and improve the appearance of the cemetery owned and controlled by the Congregational Church of Green's Farms. The plaintiff alleges that John Krause and his parents negligently raised the headstones up off the ground where they rested and propped the grave markers up with sticks and stones. A headstone subsequently fell on the plaintiff when she was visiting the cemetery, causing her injuries. Helmuth, Lillian and John Krause filed a motion for summary judgment on June 17, 1996. The plaintiff filed a motion to strike the defendants' affidavit and filed a memorandum in opposition on July 24, 1996.
The standard of a trial court's decision to grant a motion for summary judgment is well established. "Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Barrett v.Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748 (1995).
The defendants argue that they did not maintain possession and control over the property and therefore cannot be held liable. Liability for injuries caused by defective premises is not based upon title, but rather upon possession and control. Farlow v.Andrews Corp., 154 Conn. 220, 225, 224 A.2d 546 (1966). Furthermore, "liability for damage caused by [a nuisance] turns upon whether the defendant was in control, either through ownership or otherwise." Lomangino v. LaChance Farm, Inc., 17 Conn. App. 436,438-9 (1989); State v. Tippetts-Abbett-McCarthy-Stratton,204 Conn. 177, 185, 527 A.2d 688 (1987).
It is found that the plaintiff has alleged more than a cause of action for defective premises. The complaint alleges negligence in the defendants' affirmative actions. According to the appellate court, Connecticut has adopted the Restatement (Second), Torts § 385 view of contractor liability, "[o]ne who on behalf of the possessor of land erects a structure or creates any other condition thereon is subject to liability to others upon or outside of the land for physical harm caused to them by the dangerous character of the structure or condition after his work has been accepted by the possessor, under the same rules as those determining the liability of one who as manufacturer or independent contractor makes a chattel for the use of others." Minton v. Krish, 34 Conn. App. 361, CT Page 5256-JJ 367-68, 642 A.2d 18 (1994). The court held that the traditional rule allowing immunity from liability in negligence to a third person once the contractor's work was completed and accepted by the owner has been abolished in Connecticut. Id. 367. Connecticut has adopted the rule of foreseeability in its place. Id. The comment to the restatement provides that the rule "applies to any person who on behalf of the possessor of land erects thereon a structure or creates any other artificial condition, irrespective of whether in so doing he is acting as the possessor's servant or as an independent contractor, and whether he does the work for reward or gratuitously." Restatement (Second), Torts § 385 cmt. b (1965).
The court finds that the defendants have not demonstrated that there is no genuine issue of material fact as to the elements of negligence based on contractor liability. The issue of control is no longer relevant to the inquiry and accordingly, the motion for summary judgment should be denied.
The plaintiff urges the court to strike the affidavit submitted by the defendants. The court need not reach that issue because the court need not consider the evidence to decide the motion. The defendants' argument is inapposite to the complaint filed by the plaintiff.
Accordingly, the motion for summary judgment
RYAN, J.