[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT
On January 6, 1996, the plaintiff, Louise Lawson (Lawson), was walking in the parking lot located on the premises of 61 Mattatuck Heights in Waterbury, Connecticut when she slipped and fell. The property is owned, operated and/or maintained by the defendant, Industrial Development Group (Industrial). Industrial employed Matty's Paving and Construction Company (Matty's) during the winter of 1995-1996 to remove snow and to sand the parking lot as requested by Industrial. CT Page 430
The plaintiff filed a revised complaint on November 13, 1997 alleging negligence on the part of Industrial and Matty's. The plaintiff alleges that she experienced physical and mental suffering for which she is seeking monetary damages. On May 13, 1998 Matty's filed a motion for summary judgment.
"Practice Book [§ 17-49, formerly § 384] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . ."August v. Moran, 50 Conn. App. 202, 205, (1998). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . ." Miller v. United Technologies Corp. , 233 Conn. 732,745, 660 A.2d 810 (1995).
In the present case, the defendant Matty's alleges that "since the duty to use reasonable care in the maintenance of property is a non-delegable duty of the owner, there is no duty running from [Matty's], as the snowplow contractor, to the plaintiff." Thus, the defendant Matty's argues that it does not have a duty to the plaintiff because it is merely a contractor, not the owner of the property. Moreover, Matty's contends that owners duties regarding the safety of property are non-delegable. Therefore, unless the plaintiff alleges that the defendant Matty's is an owner of the property, it can not be liable to the plaintiff; "in the absence of an allegation that the defendant in this action was an owner of the property, the complaint fails to state a cause of action and summary judgment is appropriate."
The maintenance of property is non-delegable insofar as property owners may not delegate complete responsibility for the maintenance of property or apportion all damages; Wood v. ChaletSusse International, 14 CONN. L. RPTR. 6 (1995); but maintenance of the property and duties of due care are delegable insofar as an independent contractor may be liable to foreseeable plaintiffs for negligent performance of duties on the property. Minton v.Krish, 34 Conn. App. 361, 642 A.2d 18 (1994); see also Zapata v.Burns, 207 Conn. 496, 542 A.2d 700 (1988).
In Dowd v. Jack, Superior Court, judicial district of Danbury, Docket No. 323612 (Jan. 16, 1998) (Leheny, J.), a case factually similar to the present case, the court denied a motion CT Page 431 for summary judgment based on the argument that the snow removal contractor did not owe a duty to the plaintiff. The court citedMinton v. Krish, 34 Conn. App. 361, 642 A.2d 18 (1994) for the proposition that a contractor "is liable to anyone who may be foreseeably injured by the contractor's negligence"; Dowd v.Jack, Superior Court, judicial district of Danbury, Docket No. 323612 (Jan. 16, 1998) (Leheny, J.); and concluded that it was foreseeable that a plaintiff could be injured due to the contractor's alleged negligence in clearing the parking area of snow. Id. The court concluded that the contractor could be held liable to the plaintiff. Id.
In the present case, the plaintiff alleges that Matty's was negligent in that it failed to properly maintain the premises, failed to inspect the premises, failed to warn of the dangerous conditions, failed to provide safe and clean premises, failed to remove ice and snow, and failed to place sand or salt on the property. If the allegations are true it would have been foreseeable to the defendant Matty's that an individual could be injured due to negligent performance of its duties.
The defendant Matty's cites Superior Court cases for the proposition that "because the duty on behalf of an owner to remove ice and snow is a non-delegable one, there can be no liability to an injured plaintiff on behalf of a snow plow contractor." However, those cases involved snow contractors as parties only for apportionment purposes. The cases do not indicate that an independent contractor cannot be sued directly by the plaintiff, as in this case.
Accordingly, the motion is denied.
GILL, J.