[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: BROOKS LABORATORIES' MOTION TO STRIKE
This action arises out of allegations regarding an underground oil storage tank (storage tank). The storage tank is located on residential property owned by the plaintiffs, Frank A. Piantidosi and Florence T. Piantidosi. The plaintiffs' complaint contains thirteen causes of action asserted against several defendants. In the thirteenth count, the plaintiffs assert a cause of action for negligence against Brooks Laboratories, Inc., and pending before the court is Brooks Laboratories' motion to strike the thirteenth count.
According to the complaint, the plaintiffs purchased the property from Allan R. Dragone and Susan K. Dragone in December, 1998. The Dragones, in turn, purchased the property from Douglas H. MacGarvey and Clarice V. CT Page 7744 MacGarvey in September, 1998. The storage tank was on the property at the time the property was owned by the MacGarveys. In the thirteenth count, the plaintiffs allege that in July, 1998, the MacGarveys hired Brooks Laboratories to determine whether the storage tank was or had been leaking and Brooks Laboratories conducted the tests that same month. The plaintiffs allege that in conducting the tests, Brooks Laboratories had a duty of care, that it breached this duty and in so doing caused damage to the plaintiffs. In its motion to strike, Brooks Laboratories contends that this count should be stricken because it had no legal duty to the plaintiffs and therefore cannot be liable to them for negligence. The plaintiffs oppose the motion to strike on the grounds that they, as purchasers of real estate, have a cause of action against Brooks Laboratories for negligently failing to discover significant oil contamination on the property.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998); see also Practice Book § 10-39. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.)Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859
(1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.) Lombard v. Edward J.Peters, Jr., P.C., 252 Conn. 623, 626-27 ___ A.2d ___ (2000).
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153
(1994). "Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual." (Internal quotation marks omitted.) Id., 385. "The existence of a duty is a question of law and [o]nly if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand . . . . If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." (Internal quotation marks omitted.) Id., 384-85. CT Page 7745
Here, Brooks Laboratories contends that the plaintiffs' cause of action for negligence should be stricken because it was not reasonably foreseeable to Brooks that negligence on its part would cause harm to the plaintiffs. Specifically, Brooks Laboratories contends that the plaintiffs fail to allege that it had any contractual or statutory duty, or legal relationship to them and that the testing it performed was done for the MacGarveys, not for the plaintiffs. Under Connecticut law, however, "[a] duty to use care may arise from a contract, from a statute, or from circumstances underwhich a reasonable person, knowing what he knew or should have known, wouldanticipate that harm of the general nature of that suffered was likely toresult from his act or failure to act." (Emphasis added.) Coburn v. LenoxHomes, Inc., 186 Conn. 370, 375, 441 A.2d 620 (1982). Thus, the concept of privity is not necessarily determinative in actions based on negligence.Zapata v. Burns, 207 Conn. 496, 516, 542 A.2d 700 (1988).
According to the Connecticut Supreme Court, "the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case." (Internal quotation marks omitted.)Lodge v. Arett Sales Corp., 246 Conn. 563, 572, 717 A.2d 215 (1998).
As to the second, or policy prong of the test, "[a] simple conclusion that the harm to the plaintiff was foreseeable, however, cannot by itself, mandate a determination that a legal duty exists. Many harms are quite literally foreseeable, yet for pragmatic reasons, no recovery is allowed. . . . A further inquiry must be made, for we recognize that duty is not sacrosanct in itself, but is only an expression of the sum total of those considerations of policy which lead the law to say that the plaintiff is entitled to protection . . . While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world. Every injury has ramifying consequences, like the ripplings of the waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree. . . . The final step in the duty inquiry, then, is to make a determination of the fundamental policy of the law, as to whether the defendant's responsibility should extend to such results." (Internal quotation marks omitted.) Lombard v.Edward J. Peters. Jr., P.C., supra, 252 Conn. 633.
In discussing policy considerations relating to the duty of care, the Connecticut Supreme Court has stated, "[t]he fundamental policy purposes of the tort compensation system [are] compensation of innocent parties, CT Page 7746 shifting the loss to responsible parties or distributing it among appropriate entities, and deterrence of wrongful conduct. . . . It is sometimes said that compensation for losses is the primary function of tort law . . . [but it] is perhaps more accurate to describe the primary function as one of determining when compensation [is] required. . . . An equally compelling function of the tort system is the "prophylactic' factor of preventing future harm. . . . The courts are concerned not only with compensation of the victim, but with admonition of the wrongdoer . . . [I]mposing liability for consequential damages often creates significant risks of affecting conduct in ways that are undesirable as a matter of policy. Before imposing such liability, it is incumbent upon us to consider those risks." Lodge v. Arett Sales Corp., supra, 246 Conn. 578-79.
In this case, the circumstances as alleged in the complaint suggest that the potential benefits that may result from deciding that Brooks Laboratories may be held liable to a subsequent land owner for its negligence in conducting an environmental assessment of an oil storage tank outweigh the possible risks of imposing such liability. If foreseeability is sufficiently alleged or established, courts have determined that the nature of the relationship between third parties and certain professionals, including environmental testing companies, permits the professionals to be held liable for the foreseeable consequences of their negligent conduct, even in the absence of privity.[1] Jacobsonv. Environmental Risk Limited, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 550991 (March 1, 1996, Hennessey, J.). But see Morris v. Dames Moore Inc., Superior Court, judicial district of Hartford/New Britain at New Britain (May 2, 1997, Aurigemma, J.) (imposing liability on company that conducted environmental assessment for contractor on behalf of seller of property for injury to buyer is contrary to public policy of encouraging free flow of information in commercial setting). Moreover, "[i]t is now the almost universal rule that [a] contractor is liable to all those who may foreseeably be injured by the structure . . . when the work is negligently done. This applies not only to contractors doing original work, but also to those who make repairs or install parts. . . ." (Internal quotation marks omitted.) Zapata v. Burns, supra, 207 Conn. 517. Thus, under the second prong of the duty of care, policy considerations do not dictate that Brooks Laboratories cannot be held liable to the plaintiffs.
Returning to the first, or the foreseeability prong of the test, "[t]he ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised. . . . By that is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the ordinary [person], in CT Page 7747 the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" (Internal quotation marks omitted.) Lombard v. Edward J. Peters,Jr., P.C., supra, 252 Conn. 633. "Thus, initially, if it is not foreseeable to a reasonable person in the defendant's position that harm of the type alleged would result from the defendant's actions to a particular plaintiff, the question of the existence of a duty to use due care is foreclosed, and no cause of action can be maintained by the plaintiff." (Internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp., supra, 231 Conn. 385-86.
"In defining the limits of duty, we have recognized that [w]hat is relevant . . . is the . . . attenuation between [the defendant's] conduct, on the one hand, and the consequences to and the identity of the plaintiff, on the other hand. . . . Articulated another way, the attenuation between the plaintiff's harm and the defendant's conduct is nothing more than a determination of whether the harm was a reasonably foreseeable consequence of the defendants' conduct. It is a well established tenet of our tort jurisprudence that [d]ue care does not require that one guard against eventualities which at best are too remote to be reasonably foreseeable. . . . Due care is always predicated on existing circumstances." (Citations omitted; footnote omitted; internal quotation marks omitted.) Lodge v. Arett Sales Corp., supra,246 Conn. 574-75.
Pursuant to these standards, under Connecticut law, an independent contractor may be held liable to a third person who may foreseeably be injured by the contractor's negligence. Minton v. Krish, 34 Conn. App. 361,367, 642 A.2d 18 (1994). This liability arises even after the contractor's work has been completed and accepted by the owner and is not dependent on who has ownership or continuing control over the property on which the injury is sustained. Id. 366-67. Similarly, according to a judge of the Superior Court, a lessee that contaminates the soil and water of a property can be held liable not only to the present owner of the land, but also to a subsequent purchaser, "as it may well appear foreseeable that the fact of pollution and its cause may well not surface until after the original owner transfers property to a subsequent purchaser." Cadlerock Properties v. Schilberg, Superior Court, judicial district of Tolland at Rockville, Docket No. 69263 (February 25, 2000,Sullivan, J.). It is apparent, therefore, that under the first prong of the duly of care, the plaintiffs are not precluded, as a matter of law, from asserting a cause of action in negligence against Brooks Laboratories.
Upon reviewing the complaint, however, and construing the facts alleged therein in favor of the plaintiffs, it is apparent that the plaintiffs do CT Page 7748 not sufficiently allege foreseeability of harm. The plaintiffs do not adequately allege facts that would establish how or why Brooks Laboratories should have anticipated that the plaintiffs were likely to be harmed in the way the plaintiffs claim to have been harmed by Brooks' conduct. See, e.g.Najda v. Sheiman, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 52292 (September 6, 1996, Corradino, J.) (17 Conn. L. Rptr. 535, 537) (motion to strike granted — complaint devoid of factual allegations indicating how or why attorney preparing title search for home buyer should have foreseen seller's reliance thereon).
For this reason, the court grants Brooks Laboratories' motion to strike.
D'ANDREA, J.