[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The motion to strike filed by the apportionment defendant, Property Maintenance Contractor (hereinafter "Property Maintenance"), dated July 7, 2000 moves to strike the Apportionment Complaint dated March 13, 2000 filed by the apportionment plaintiff, Hartford Direct Marketing Mailing Services (hereinafter "Hartford Direct").
The complaint by the plaintiff alleges that Hartford Direct and/or Clinton Street Associates (hereinafter "Clinton") were the owners and/or possessors of property in Windsor, Connecticut on or about January 23, 1998 when the plaintiff, Charles Smith, was caused to slip and fall on ice and snow which had accumulated in the parking area of said premises. CT Page 10940 Hartford Direct then filed an Apportionment Complaint against Property Maintenance which was the contractor hired to remove the snow and ice claiming that said contractor was responsible by its negligence for the condition of the parking lot and, therefore, was responsible for the proximate cause of the plaintiff's fall thereon.
 STANDARD OF REVIEW
"The purpose of a motion to strike is to contest. . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted). Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljiedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348.576 A.2d 149 (1990).
There is clearly a split in authority among judges of the Superior Court who have been confronted with the issue of whether an independent contractor can be brought by a possessor of the premises into a negligence action for apportionment purposes. This court agrees with those judges who have found that such an Appointment Complaint is without merit. In particular, the court agrees with the decision in Nancy G.Currier v. Fieldstone Village. et al., Sup. Ct. at Rockville,26 Conn.L.Rptr. 7, 240 (March 13, 2000) L. Paul Sullivan, J. and the decision in Salvatore Riggione v. Kmart Corporation, Sup. Ct. at New Haven, 26 Conn.L.Rptr. 7, 261 (March 13, 2000) Alander, J. The court is well aware of the holdings in Zappata v. Burns,207 Conn. 496, 517 (1988) and Minten v. Kaish,34 Conn. App. 361, 367 (1994) under which the plaintiff may have a direct cause of action against the third-party defendant, Property Maintenance. These cases hold that an independent contractor, such as the third-party defendant, may be liable for any injuries that are foreseeable as a result of its negligence and that would include the foreseeability of plaintiffs injuries as a result of the alleged negligence of Property Maintenance. However, in this case the plaintiffs have chosen not to bring an action against Property Maintenance.
It is well settled law in Connecticut that the duty of a possessor of land to a business invitee such as the plaintiff to keep the premises safe is a non-delegable duty. Such possessor can, of course, hire an CT Page 10941 independent contractor such as Property Maintenance to maintain the safety of the parking lot by removing the snow and ice. Since it is a non-delegable duty, the defendant, possessor of the premises, is vicariously liable for the negligent acts of its independent contractors such as Property Maintenance. The negligent acts of Property Maintenance are, therefore, imputed to the defendant, Hartford Direct. These are not separate acts of negligence by Hartford Direct and Property Maintenance. The negligence of the two are exactly the same in fact and in law, and the negligence is indivisible because it is singular and identical. Therefore, it is incapable of being apportioned. For example, the trier of fact could not find Hartford Direct twenty-five percent liable and Property Maintenance seventy-five percent liable. The trier of fact would have to find both of them one hundred percent liable. Therefore, there is no apportionment. This is unlike an automobile accident where, for example, the plaintiff is a passenger in one vehicle, and the trier of fact apportions the liability between the drivers of the cars of the vehicles that collided.
Accordingly, the claim brought by Hartford Direct against Property Maintenance as an Apportionment Complaint has no basis under the law. Therefore, the Apportionment Defendant's Motion to Strike is granted.
This may seem unfair to the defendant and third-party plaintiff, Hartford Direct, but Hartford Direct is not without other remedies. It can bring a claim for indemnity, seeking indemnity for the entire amount for which it is held liable, against Property Maintenance and under C.G.S. § 52-102a it would appear that the defendants, Hartford Director and/or Clinton Street Associates, could implead Property Maintenance as a third-party defendant.
Rittenband, JTR