[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action arises out of a slip and fall incident which allegedly occurred in Crossroads Condominiums in Danbury, Connecticut. The plaintiff, Sandra Grehl, alleges that, on January 3, 1999, she suffered various injuries when she slipped and fell on ice in a paved common area in front of her condominium unit. On January 19, 2000, the plaintiff filed a two count complaint against Crossroads Condominium Assn., Inc. (Crossroads), the owner of the property, and Scalzo Property management (Scalzo), a management company contracted to manage the condominium complex. In her complaint, the plaintiff alleges that both defendants were negligent in not clearing the area of ice, and in failing to apply sand, salt or other abrasive materials to the area.
On June 9, 2000, Scalzo filed an apportionment complaint against Jeff Bruno and Land Hoe Maintenance, LLC (Land Hoe), an independent contractor, claiming that Land Hoe was responsible for maintenance in the area where the fall occurred. On August 7, 2000, Land Hoe filed a motion to strike the apportionment complaint on the ground that Scalzo is improperly attempting to apportion its non-delegable duty to maintain the premises. As required by Practice Book § 10-42, Land Hoe filed a memorandum in support of its motion to strike, and Scalzo has timely filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim on which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825-26, 676 A.2d 357
CT Page 400 (1996).
Land Hoe moves to strike the apportionment complaint on the ground that Scalzo had a non-delegable duty to maintain the premises in a reasonably safe condition which precludes it from seeking an apportionment of damages from Land Hoe. Scalzo contends that because Land Hoe is potentially liable to the plaintiff, it should be brought into the action for apportionment purposes pursuant to General Statutes § 52-102b
(a).[1]
There is a split of authority at the trial court level as to whether an apportionment complaint may be filed against an independent contractor by the possessor of premises when the possessor is being sued for damages in a negligence action for the failure to keep the premises in a reasonably safe condition. "One line of cases holds that a defendant in possession of the premises has a non-delegable duty to maintain the premises in a reasonably safe condition which precludes the defendant from seeking an apportionment of damages from an independent contractor." Riggione v.Kmart Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 425255 (January 11, 2000, Alander, J.). The opposing view holds that an independent contractor is liable for its negligent acts or omissions in failing to keep the premises reasonably safe and may be brought into the negligence action for apportionment purposes.Gulisano v. National Amusements, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 065495 (July 29, 1999,Thompson, J.).
In the present case, although the plaintiff Grehl alleges that Scalzo "maintained and/or controlled" the premises, there is no allegation that Scalzo ever delegated all or part of its duty to keep the premises reasonably safe to Land Hoe. In fact, construing the facts in the complaint most favorably to the apportionment plaintiff Scalzo, there is no indication that any degree of relationship existed between Scalzo and Land Hoe at the time the slip and fall incident allegedly occurred. Under the specific circumstances of this case, the issue of delegation does not arise as between Scalzo and Land Hoe. Therefore, this is not a case where apportionment should not occur because "the named defendant is responsible for the acts of an independent contractor to whom it has delegated a non-delegable duty." (Emphasis added.) Wood v. Chalet SusseInternational, Superior Court, judicial district of New Haven at Meriden, Docket No. 245558 (May 18, 1995, Silbert, J.) (14 Conn.L.Rptr. 187, 188). This is the case of an independent contractor attempting to apportion liability to another independent contractor.
An independent contractor may be liable to those persons who may be foreseeably injured by its negligence. Zapata v. Burns, 207 Conn. 496, CT Page 401 517, 542 A.2d 700 (1988); Minton v. Krish, 34 Conn. App. 361, 367,642 A.2d 18 (1994). The facts alleged in the apportionment complaint state that Land Hoe was responsible for maintenance in the area where the plaintiff's fall allegedly occurred and that Land Hoe failed to keep the area sufficiently clear of ice as to make it reasonably safe. If the allegations in the apportionment complaint are true it would have been foreseeable to Land Hoe that a resident of the condominium complex could be injured due to negligent performance of its duties. Therefore, because Land Hoe may be responsible for a proportionate share of the plaintiffs damages, its motion to strike Scalzo's apportionment complaint is denied.
White, J.