[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE #137
This case arises from a slip and fall incident. On October 25, 1999, Fournier filed a two count complaint against the defendants, Maria Comes and Baykat, LLC (Baykat), in which he alleged that, on December 13, 1997, he slipped and fell on some ice while walking on a sidewalk and sidewalk ramp located at 2-38 Ocean Avenue in West Haven. Fournier further alleged that, as a result of the slip and fall, he has sustained serious injuries. On December 10, 1999, Fournier filed a revised, two count complaint. Count one alleges negligence and is directed at Gomes as the owner, possessor, or manager of the property. Count two alleges negligence and is directed at Baykat as the owner, possessor, or manager of the property.
On January 12, 2000, Gomes and Baykat filed an apportionment complaint, pursuant to General Statutes § 52-102b,[1] against R.W.M. Excavating, LLC (RWM). RWM is the independent contractor who had been hired by Gomes and Baykat to plow and sand the sidewalk area of the property and keep it free from ice and snow. Gomes and Baykat allege that RWM may be liable, pursuant to § 52-572h,[2] for a proportionate share of Fournier's injuries. On February 7, 2000, Fournier filed his own complaint against RWM. Me alleges that if RWM is wholly or partially liable for the accident, then he claims damages as set forth in his original complaint against Gomes and Baykat.
On March 27, 2000, RWM moved to strike the apportionment complaint of CT Page 1520 Gomes and Baykat on the ground that it failed to state a claim upon which relief can be granted because owners or possessors of the property, such as Gomes and Baykat, cannot delegate the duty of care they owe to invitees. On March 31, 2000, Gomes and Baykat filed a crossclaim against RWM seeking indemnification for any judgment that may be rendered against them and in favor of Fournier. On April 5, 2000, Gomes and Baykat filed a memorandum in opposition to RWM's motion to strike their apportionment complaint, arguing that, where an owner or possessor of the property employs an independent contractor to perform work on the premises, the independent contractor is responsible for losses caused by its own negligence, thus apportionment is proper. On July 25, 2000, this court,Grogins, J., denied RWM's motion to strike, reasoning that apportionment serves the purpose of § 52-102b, which entitles defendants to seek apportionment where another party may be liable for a share of the plaintiff's damages.
On September 27, 2000, RWM filed a motion to strike Fournier's complaint against it, on the ground that it fails to state a claim upon which relief can be granted. Pursuant to Practice Book § 10-42, both Gomes and Baykat and Fournier filed objections to RWM's motion to strike Fournier's complaint against RWM, along with supporting memoranda of law.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). In ruling on a motion to strike, the court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Id. "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.)Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
RWM argues that Fournier may not maintain a negligence action against it because it owes Fournier no duty of care. It claims, instead, that it is Gomes and Baykat alone who owe a duty to Fournier, which duty is to keep their premises reasonably safe for invitees. RWM further asserts that the duty owed by Gomes and Baykat to Fournier cannot be delegated to RWM, and therefore "RWM cannot be liable to Fournier. Accordingly, RWM claims that its motion to strike should be granted on the ground that Fournier's complaint fails to state a claim upon which relief may be granted.
Fournier and the defendants disagree. They argue that this court's CT Page 1521 denial of RWM's motion to strike the apportionment complaint, on the ground that it failed to state a cause of action because Gomes and Baykat owed Fournier a nondelegable duty and RWM owed Fournier no duty, is the law of the case.[3] They further argue that Fournier's direct claim of negligence against RWM is proper because RWM owes an independent duty to Fournier.
To prevail in an action for negligence, the claimant must establish that the party whom he seeks to maintain the action against, owed him a duty of care and that that duty was breached. Tarzia v. Great Atlanticand Pacific Tea Co., 52 Conn. App. 136, 148, 727 A.2d 219 (1999), cert. granted on other grounds, 248 Conn. 920, 734 A.2d 569 (1999). The possessors and owners of premises, who invite persons onto those premises for a business purpose, owe a duty to such invitees to use reasonable care to keep the premises in a reasonably safe condition. Id. The possessor or owner cannot escape liability or absolve itself from its duty to exercise reasonable care by hiring another to maintain the premises. Id., 148-49.
It does not follow, however, that because an owner or possessor of property owes a nondelegable duty of care to an invitee, that an independent contractor who has performed work on the property owes the invitee no duty. Gazo v. Stamford, Connecticut Supreme Court, Docket No. SC 16202 (January 30, 2001); see also Minton v. Krish, 34 Conn. App. 361,367-68, 642 A.2d 18 (1994). An independent contractor owes a direct duty of care to those parties who may foreseeably be injured by the contractor's own negligence. Gazo v. Stamford, supra, Connecticut Supreme Court, Docket No. SC 16202. Thus, the duty of care owed to an invitee by a possessor or owner and the duty of care owed to an invitee by an independent contractor run concurrently; the duty owed by one does not displace the duty owed by the other. Id.
"[T]he nondelegable duty doctrine simply does not address whether the person to whom the performance of the duty has been delegated . . . may not also be liable. That is a question that must be addressed . . . by analyzing it under our established jurisprudence regarding tort duties." Id. "The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised." (Internal quotation marks omitted.) Coburn v. Lenox Homes, Inc.,173 Conn. 567, 575, 378 A.2d 599 (1977). Thus, an independent contractor's "liability hinges on foreseeability of injury to the plaintiff." Minton v. Krish, supra, 34 Conn. App. 368. The test of foreseeability is whether the ordinary person, in the defendant's position, knowing what he knew or should have known, would anticipate that the type of harm actually suffered was of the same general type as that which he had anticipated would result. Coburn v. Lenox Homes, Inc., CT Page 1522 supra, 173 Conn. 575-76. It is reasonable to conclude that an independent contractor hired to keep walkways free of ice and snow would anticipate that serious injuries are likely to result from a slip and fall if the sidewalks are not properly cleared. Gazo v. Stamford, supra, Connecticut Supreme Court, Docket No. SC 16202.
RWM claims that Gomes and Baykat owe Fournier a nondelegable duty. While this is true, the court finds that, notwithstanding any duty that Gomes and Baykat may owe Fournier, RWM, too, owes Fournier a direct duty to exercise reasonable care. See Gazo v. Stamford, supra, Connecticut Supreme Court, Docket No. SC 162021. This duty arises, not from principles of premises liability, but, rather, from well established principles of ordinary negligence and foreseeability. Id. The court finds that RWM should reasonably foresee that failure to keep the property free of snow and ice may result in injury to invitees. The court therefore concludes that Fournier has properly alleged a cause of action against RWM because RWM owes Fournier a duty of care and, consequently, it is liable for any injuries that it may have been caused due to its alleged breach of that duty. See Gazo v. Stamford, supra, Connecticut Supreme Court, Docket No. SC 16202. Accordingly, RWM's motion to strike on the ground that Fournier's complaint fails to state a claim upon which relief may be granted is denied.
GROGINS, J.