[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is a Motion for Summary Judgment brought by defendant Bill Hamlin Construction Company, Inc. with regard to the claims of plaintiff Audrey Demarinis who alleges that on December 18, 1997, while walking in the parking lot of Griffin Hospital, she slipped and fell on ice in the parking lot and was injured. In the complaint, plaintiff alleges that defendant was under contract to remove snow and ice in the hospital parking lot, had a duty to persons including plaintiff to use reasonable care in the removal of snow and ice, and was negligent in the performance of that duty. (See Complaint, ¶ 5.)
"Summary judgment is appropriate where all the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law." Connecticut Practice Book Sec. 17-49; Wilson v. City ofNew Haven, 213 Conn. 277, 279-80 (1989); Bartha v. Waterbury HouseWrecking Company, 190 Conn. 8, 11 (1983). The test for granting summary judgment is whether a party would be entitled to a directed verdict on the same facts and evidence. State v. Goggin, 208 Conn. 606, 616 (1988);Batick v. Seymour, 186 Conn. 632, 647 (1982).
In its motion, memorandum and affidavits, defendant alleges that its responsibility regarding snow removal with Griffin Hospital was on a contractual "call basis", that it was not called by Griffin Hospital to perform snow removal, ice removal or sanding on the date of the alleged fall, and that it owes no duty of care to plaintiff because it does not own, maintain or control the property. In her memorandum and affidavits in opposition to summary judgment, plaintiff claims that defendant performed its snow and ice removal and sanding job in a negligent manner, such that a mound of snow was created along the parking lot where it was subject to melting and refreezing, causing a dangerous condition.
Defendant claims that summary judgment is appropriate in this case because there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law. Connecticut Practice Book §17-49. Defendant claims that it does not owe a duty of care to the plaintiff, and therefore cannot be held liable for negligence as a matter of law. Wilson v. City of New Haven, 213 Conn. 277, 279-82 (1989) andState v. White, 204 Conn. 410, 427-28 (1987). Defendant claims it is well established in Connecticut that a defendant owes no duty to a party who CT Page 1103 is injured on property not owned, controlled or maintained by that defendant.
To the contrary, the Connecticut Supreme, Court has adopted Section 324A(b) of the Restatement (Second), of Torts to impose a duty of care in a commercial context in which an independent snow removal contractor performed ice and snow removal services for consideration. In Gazo v.Stamford, 255 Conn. 245, 252-253 (2001), the Court adopted Section 324A(b) which provides in relevant part:
 "One who undertakes gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking if . . . (b) he has undertaken to perform a duty owed by the other to the third person. . . ."
Since the property owner, here Griffin Hospital, has a duty to keep its premises safe, defendant may be held liable to plaintiff for physical injuries if the plaintiff can show defendant failed to exercise reasonable care when performing the duty owed by the hospital to plaintiff. See also, Minton v. Krish, 34 Conn. App. 361 (1994).
Accordingly, the complaint raises genuine issues of material fact with regard to whether defendant failed to exercise reasonable care in removing snow and ice from the parking lot where plaintiff slipped and fell and was injured. Since defendant would not be entitled to judgment as a matter of law, defendant is not entitled to a summary judgment on thee facts alleged, which have been supported by appropriate affidavit. Accordingly, defendant's Motion for Summary Judgment is denied.
So ordered.
The Court
By ____________________ Sequino, J.